R. R. PINKSTON and H. M. SHEARIN v. R. E. YOUNG.

*Lien—Sub-contractors—Mechanics—Statute.*

1. The lien in favor of sub-contractors, laborers and material men, con-
templated in sections 1801 and 1802, *The Code,* does not attach
until the person asserting it shall have given the notice therein
prescribed to the owner of the premises upon which the labor or
materials were employed.

2. This rule is not affected by the amendatory act (ch. 67, Laws 1887),
except in so far as it dispenses with the necessity for filing an
itemized statement of claim before a Justice of the Peace or the
Clerk of the Superior Court. This act is directed against the con-
tractor, and is intended to compel *him* to furnish to the owner of
the premises the statement necessary to give notice of claims of
sub-contractors and others.

This is a CIVIL ACTION, commenced before a Justice of the
Peace, and tried, upon appeal, before *Graves, J.,* at Fall Term,
1888, of VANCE Superior Court.

The plaintiffs brought this action in the Court of a Justice
of the Peace, to enforce their alleged lien for materials of the
value of $139, furnished and supplied to a contractor (one
Linthicum), who had contracted to build, and had built,
certain houses for the defendant, and had put such material
in and about the houses he had so built, and failed to pay
the plaintiffs for the same, as allowed, in certain cases, by the
statute. *The Code,* §§ 1801, 1802 and 1803, and Acts 1887,
ch. 67.

The pleadings raised issues of fact, and, on the trial, the
Court instructed the jury as follows:

"The law requires a contractor to make and furnish to the
owner of the building an itemized statement of the materials
furnished, and not paid for, before he receives his pay.
When this statement is filed, the owner of the building is put
on notice, and the lien attaches from the time such statement

is filed; but, if no such statement is filed by the contractor, there is nothing to put the owner on notice, and no lien attaches, and the owner is not liable to the men furnishing materials, unless something more appears.

"The law does not require the sub-contractor, or man who furnishes materials, to rely on the contractor, but allows him, if he wishes, to give the owner notice of his claim, and the moment he gives this notice of his claim for materials, his lien attaches, and the owner cannot pay the contractor any money due to him on the contract. The owner may pay the contractor in advance, and the owner and contractor may vary or change the terms of the contract before the lien attaches, but they cannot vary the contract after the lien attaches, to the injury of sub-contractors or persons furnishing materials.

"If the contractor Linthicum·did not furnish an itemized statement to Young, then no lien attaches; and, if Young paid Linthicum before the plaintiffs gave notice of the claim, then he is not liable to the plaintiffs in this action.

"If Linthicum was indebted to Young, and, to pay such indebtedness, he undertook to put up the shelves and counters in the storehouses of Young, the defendant Young could not be liable to plaintiffs in this action, although they furnished materials used therein; but, if Linthicum contracted to put up the shelves and counters in Young's storehouses for $325, to be thereafter paid, the building would be subjected to the lien of the plaintiffs as soon as an itemized statement was filed by the contractor Linthicum, or as soon as plaintiffs gave notice to Young; but if Young paid Linthicum before such statement or such notice, he would not be liable, and no lien did attach."

The jury found, by their verdict, that the plaintiffs furnished the contractors named with materials which were used in the construction of the houses of the defendant, to the amount of $139.49; that the contractor did not file with

the defendant any *itemized statement* of the amount due to the plaintiffs for such materials; that the plaintiffs gave defendant notice that they had furnished such materials to the contractor on the first day of September, 1889, and that, at that time, the defendant did not have in his hand any money due the contractor.

The Court gave judgment for the defendant, and the plaintiffs, having excepted, appealed.

*Mr. T. T. Hicks,* for the plaintiffs.
*Mr. C. M. Cooke,* for the defendant.

MERRIMON, J. (after stating the case). The lien given in favor of sub-contractors, laborers and persons furnishing materials for improvement on real estate, by the statute (*The Code,* §§ 1801, 1802), does not arise and become effectual unless the person entitled to have the same "shall give notice to the owner or lessee of the real estate, who makes the contract for such building or improvement, at any time before the settlement with the contractor," of "the amount of such labor done or material furnished." If, at the time of such notice, the owner or lessee of the land has not paid to the contractor the money due, or to come due, to him upon or on account of the contract, and shall refuse to retain out of the amount so due so much, if there shall be so much due, as shall be due or claimed by the party having the lien, the latter may proceed to enforce his lien, and any payments to the contractor will not have the effect to discharge the lien so arising. The statute so plainly provides

The plaintiffs, clearly, are not entitled to have their alleged lien enforced under the statutory provision cited, because, it appears that at the time they gave the defendant notice of their debt against the contractor for the material supplied by them, he had paid him, and owed him nothing on account of the contract.

Plaintiffs, however, contend that the statutory provisions ·cited are so amended and modified by the subsequent enactment (Acts 1887, ch., 67), as to render their alleged lien effectual without such notice given by them. We cannot so interpret that statute. It is entitled " An Act for the better protection of mechanics and laborers," and provides, in substance, that the " sub-contractors lien law" (*The Code*, ch. 41), shall be amended by adding thereto the sections enacted, which prescribe an additional method of creating and enforcing a lien in favor of mechanics and laborers. It does not purport in terms, or by reasonable implication, to repeal or modify the existing law, except that it provides that the sum due to the laborer, mechanic or artisan, shown in the itemized statement required, " shall be a lien on the building or vessel built, altered or improved, without any lien being filed before a Justice of the Peace or the Superior Court," as required by the statute (*The Code*, § 1784). This additional method requires that it shall be the duty of the contractor " to furnish the owner of the property or his agent, before receiving any part of the contract price, as it may become due, an itemized statement of the amount owing to any laborer, mechanic, or artisan employed by such contractor, architect or other person, or to any person for material furnished, and upon the delivery to the owner or his agent of the itemized statement aforesaid, it shall be the duty of the owner to retain from the money then due the contractor a sum not exceeding the price contracted for, which shall be sufficient to pay such laborer, artisan · or mechanic for labor done, or such person for material furnished, which said amount the owner shall pay directly to the laborer, mechanic, artisan or person furnishing material," &c. &c.

It is further provided, that if any such contractor or architect shall fail to furnish such itemized statement, he shall be guilty of a misdemeanor, and, upon conviction, fined or

imprisoned, or both, in the discretion of the Court. This stringent provision is directed against, not the owner of the property, but the contractor. The purpose is to compel the latter to supply the itemized statement, so that the laborer may be benefitted, have his right facilitated, and the owner of the property may be reasonably protected. There is no liability created on the part of the latter if the itemized statement is not supplied to him ; he cannot compel the contractor to furnish him with it, nor is he presumed to know that he has not paid the laborer or mechanic, or that he owes him any particular sum. It may be, that the contractor has paid him or secured the sum due him to his satisfaction. It would be alike unreasonable and unjust to create such liability on the part of the owner of the property in the absence of the statement required. It would tend strongly to prevent such owners from improving their property, and such a purpose cannot be attributed to the Legislature, in the absence of some language or provision making it manifest.

If the contractor shall so furnish the itemized statement, the laborers' lien will arise and be effectual, as prescribed. If he fails to do so, then the laborer may give the owner of the property notice, and thus create the lien in his favor, as allowed and provided by the statute (*The Code*, §§ 1801, 1802).

He may do this anyhow, and it will be safer to do so, as the contractor may fail to do his duty in furnishing the statement required of him. ·

In this case, the contractor did not furnish any itemized statement to the defendant, and, hence, the plaintiffs have no lien, as contemplated and allowed by the statute (Acts 1887, ch. 67). The instructions complained of are substantially correct, and the judgment must be affirmed.

Affirmed.