D. L. PERRY ET AL. v. JOSHUA SWANNER AND WIFE.

(Filed 17 February, 1909.)

1. Contracts—Material Men—Suit by Contractor—Trusts and Trustees—Parties—Judgment.

   A contractor to build a house cannot maintain an action against the owner to the use of those who furnished material for its construction without alleging and proving an express trust.

2. Contracts—Material Men—Suit by Contractor—Authority to Collect—Parties.

   The authority given a contractor to collect debts due the material men does not constitute him a trustee of an express trust, within the meaning of the statute, so as to authorize him to maintain a suit in his own name in their behalf as *cestuis que trust.*

3. Contracts—Material Men—Contractor—Notice to Owner—Parties—Procedure.

   When the contractor furnishes the owner with statements of the amounts due the material men, according to Revisal, secs. 2021, 2022, 2023, a direct obligation of the owner to the material men may be created, upon which the latter may sue in their own names.

ACTION tried before *Guion, J.,* and a jury, at October Term, 1908, of BEAUFORT.

Plaintiff made a contract with the defendants to build two houses for them. In the course of construction of the houses, and before completion, the parties had a misunderstanding and plaintiff stopped work. He sued the defendants before a justice of the peace for damages for breach of contract, which was appealed, and also the defendants in the Superior Court for balance of contract price, and the two actions were consolidated, plaintiff recovering $82.10. The plaintiff then brings this suit to recover the amounts which he owed to material men for material which he claims went into the construction of the houses.

There were two alleged causes of action set out in the complaint. As to the second cause of action, the plaintiff voluntarily submitted to nonsuit. As to the first alleged cause of action, upon the close of plaintiff's testimony the court intimated that the action should be instituted by each claimant for

the amount of his claim, as provided for under sections 2021, 2022, 2023 of the Revisal, and offered to allow counsel to make claimants parties plaintiff if they so desired. Counsel, being of opinion to the contrary, submitted to a nonsuit and appealed to the Supreme Court.

*Small, MacLean & McMullan* for plaintiff.
*Ward & Grimes* for defendants.

BROWN, J. It is contended that a defect in parties can be taken advantage of only by demurrer, and that the objection comes too late at the close of plaintiff's evidence.

It is not a question of parties, as we understand the matter, that is raised by the motion to nonsuit, but a question as to whether or not the plaintiff has made out a cause of action upon which he personally can recover. There is only one plaintiff to this action, and the fact that he sues to the use of a number of others who furnished material to defendants for the construction of the house does not necessarily make them parties, so as to be bound by a final judgment.

The plaintiff does not allege that he is trustee of an express trust, and had he alleged it he does not offer any proof to sustain it. Clark's Code, sec. 179.

Mere authority to collect the debts due the material men would not constitute the plaintiff a trustee of an express trust, within the meaning of the statute, so as to authorize him to maintain a suit in his own name on behalf of his *cestuis que trust. Abrams v. Cureton,* 74 N. C., 523; *Battle v. Davis,* 66 N. C., 252. The plaintiff testified that he furnished to defendants written statements of the sums due to the material men, in accordance with the statute (Revisal, secs. 2021, 2022, 2023). When that statute is complied with, a direct obligation upon the part of the owner to the material man may be created, upon which the latter may sue in his own name.

The judgment of nonsuit is
Affirmed.