E. E. BAIN· v. ALIDA LAMB.

(Filed 18 November, 1914.) .

1. **Liens—Contracts—Material Men—Trials—Materials Used in Buildings—Evidence—Specific Notice—Waiver—Statutes.**

   Where a material man brings suit against the owner of a dwelling for the price of material furnished during its construction to the contractor, and has given notice to the owner by letter of the amount claimed to be due him by the contractor, an acknowledgment by the owner, in reply, that he will reserve the bill for settlement, affords evidence in an action to collect the amount claimed to be due under the provisions of the Revisal, sec. 2020, that the materials had entered into the construction of the defendant's house; and also of a waiver in the nature of an admission of the defendant's right, if it existed, to demand greater particularity in the statement of the plaintiff's claim.

2. **Liens — Contracts — Material Men—Trials—Amount Due—Instructions—Appeal and Error—Harmless Error.**

   In an action by the material man against the owner of a dwelling to recover the amount due him by the contractor for materials furnished and used in the construction of the building under Revisal, sec. 2020, and there is conflicting evidence as to the amount due by the owner to the contractor on his contract at the time of receiving the statutory notice, it is

erroneous for the trial judge to charge the jury upon the question of plaintiff's recovery, without laying down any rule for ascertaining the amount due on the contract, or furnishing a guide for them in reaching their conclusion upon the alternative propositions contained in the instruction; but when, taking the charge as a whole, it may be seen that instructions on this point were correctly given, and the jury understood them, an incorrect instruction appearing in a part of the charge will not be held for reversible error.

3. Liens — Contracts — Material Men—Amount Due Contractor—Trials—Instructions—Measure of Damages.

In an action by the material man against the owner of a dwelling to recover the price of material furnished by him to the contractor and used in the building (Revisal, sec. 2020), and the evidence discloses that the contractor has abandoned his contract and it is conflicting as to the amount the owner is due the contractor under the contract, the rule for the ascertainment of what amount, if any, is due to the contractor is the contract price, less the amount paid to him, and the reasonable cost of completing the building; and if the amount thus due exceeds the claim of the plaintiff, and the materials furnished were used in the house, he should recover the amount of his claim; and if less, he can only recover the amount due the contractor.

APPEAL by defendant from *Devin, J.,* at September Term, 1914, of GUILFORD.

This is an action to recover of the defendant the sum of $770.31, the plaintiff alleging that he furnished material that went into her building; that he had given her notice thereof and it was her duty to retain this amount from the amount owing to the contractor at the time. The prayer in the complaint asked for a lien, but this was abandoned on trial.

The defendant entered into a contract with one R. B. Waddell in which the said Waddell agreed to erect and complete a nine-room dwelling-house at Whitsett, N. C., for the defendant, and the defendant agreed to pay therefor the sum of $2,100, Waddell agreeing to furnish the material and labor necessary for the erection and completion of said building. The plaintiff during July, 1909, contracted with Waddell to furnish the material for the house of the defendant, and the same was furnished by the plaintiff, beginning 28 July, 1909, and ending 9 August, 1909. The contract price and the value of the lumber furnished by the plaintiff as aforesaid was $770.31. The plaintiff notified the defendant in writing on 1 November, 1909, that he had furnished certain lumber and material for a dwelling-house in consequence of a contract with her contractor, Waddell. The notification was through the mail in the form of a letter addressed at Whitsett. The letter appears in the record. Shortly after the date of the letter, some time in December or January thereafter, the plaintiff went to see the defendant and had a conversation with her in regard to the lumber and materials furnished for her house.

167—20

The plaintiff testified that the defendant promised to pay him for such material. On 9 November, 1909, the defendant wrote the plaintiff the following letter, towit:

WHITSETT, N. C., November 9, 1909.

MR. BAIN:

You will please excuse me. I do not know all or much about law, and will reserve your bill for settlement, all right.

Yours truly,      A. I. LAMB.

The defendant has paid the contractor, Waddell, $1,100 on the contract price, leaving a balance due in her hands of $1,000, less reasonable allowance for finishing up the house, which was left unfinished by the contractor, Waddell. Waddell failed to complete the building, and abandoned the contract in September, 1909, before the plaintiff notified the defendant of his claim.

The plaintiff offered evidence tending to prove that the house was near completion at the time of the abandonment of the contract by Waddell, and that the reasonable cost of completing it according to the contract would not have exceeded $200.

The defendant offered evidence tending to prove that the house was not worth more than $1,100 at the time the contract was abandoned, and that the reasonable cost of completing it would exceed $200.

The defendant denied promising to pay the amount due the plaintiff.

There was no evidence contradicting the evidence of the plaintiff that the lumber furnished by him was reasonably worth $770.31.

The correspondence in reference to the claim of the plaintiff was as follows:

GREENSBORO, N. C., November 1, 1909.

MRS. ALIDA LAMB, *Whitsett, N. C.*

DEAR MADAM:—We have furnished Mr. R. B. Waddell lumber and material to the amount of $770.31 for your house, of which amount nothing has been paid. Please retain this amount before settlement with Mr. Waddell and advise me by return mail if you are due Mr. Waddell the amount above stated, as our account has been standing some time and must insist on an early settlement. Your early reply will oblige.

Very truly,      E. E. BAIN.

WHITSETT, N. C., November 2, 1909.

MR. BAIN:

DEAR SIR:—I think there is about the amount of your bill still due, if the house is ever finished. I have several bills ahead of yours, but think about that amount still due when complete.

Very truly,      A. I. LAMB.

BAIN v. LAMB.

MR. BAIN:

You will please excuse me. I do not know all or much about law, and will reserve your bill for settlement, all right.

Yours truly,        A. I. LAMB.

The defendant moved for judgment of nonsuit and excepted to certain parts of the charge upon the following grounds:

(1) That the plaintiff failed to furnish an itemized statement of the material furnished.

(2) That there was no evidence that the material furnished was used in building the house of the defendant.

(3) That there was no evidence that there was any amount due the contractor by the defendant at the time she received notice of the plaintiff's claim.

The motion was overruled and defendant excepted.

His Honor, among other things, charged the jury as follows:

(1) "But if, by the preponderance of the evidence, he has satisfied you that he furnished the lumber and delivered the material for defendant's house, and that said material was so used, and that after notice to the defendant of the plaintiff's account for the same, that the defendant then owed or had in her hands for the contractor more than enough to satisfy the plaintiff's account, and has failed to do so, if you so find by the greater weight of evidence, it will be your duty to answer the issue $770.16 or such amount as you find the account amounted to, or such amount as you find she had in her hands at that time due the contractor." Defendant excepted.

(2) "If you find the facts to be, and are satisfied from this evidence and by its greater weight that the plaintiff is entitled to receive $770, you may, if you see fit, add interest thereon from the time this account was due and owing by the defendant." Defendant excepted.

(3) "The burden of proof is upon the plaintiff to make out his case by the greater weight of the evidence. If you are satisfied he has done so, you will answer the issue such amount as you find was in her hands, due the contractor, at the time the notice was given." Defendant excepted.

The jury returned the following verdict:

Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: $681.

There was a judgment in favor of the plaintiff, and the defendant appealed.

*Stern & Swift, Brooks, Sapp & Williams for plaintiff.*
*Thomas H. Hoyle and G. S. Bradshaw for defendant.*

ALLEN, J. The exception to the refusal to nonsuit the plaintiff cannot be sustained.

This action is not for the purpose of enforcing a lien, but to collect an amount for material furnished, alleged to be due by reason of the statutory duty imposed on the defendant to retain such amount from the balance due the contractor, upon compliance with the statute (Rev., sec. 2020) by the plaintiff.

The letter of the plaintiff to the defendant of date 1 November, 1909, gave full notice of the amount claimed to be due, and if the defendant would otherwise have been entitled to greater particularity in the statement of the claim, her letters of 2 November, 1909, and of 9 November, 1909, in the last of which she writes that she will reserve the plaintiff's bill "for settlement," are a clear waiver of the right.

The reasonable inference from the letters is that the defendant admits the correctness of the claim of the plaintiff against the contractor, and that she agreed, after completing the house, to pay it out of any balance due, and she ought not, therefore, to be permitted to say now that she ought to have had more specific information, and particularly when the record does not disclose that there is a real controversy as to the amount and value of the material furnished.

The letters also furnish evidence, in the nature of an admission, that the material was used in building the house of the defendant, as otherwise there would be no reason for promising to reserve the amount of the claim out of the balance due the contractor, and the evidence of the plaintiff tended to prove that the reasonable cost of completing the house would be about $200, which when added to the amount paid the contractor before notice of the plaintiff's claim ($1,100) and the total deducted from the contract price of $2,100, would leave a balance due on the contract of $800.

We therefore conclude that the defendant has waived the right to demand a more particular statement of the claim of the plaintiff, that there is evidence that the material furnished was used in the house of the defendant, and that there is some evidence that there was something due on the contract price.

The first part of the charge excepted to, standing alone, would be objectionable, because it lays down no rule for ascertaining the amount due on the contract, and furnished no guide for reaching a conclusion upon the alternative propositions contained in the instruction; but it would not be fair to the judge nor to the parties, and not in accordance with law, to so consider it. We must take the charge as a whole, and when this is done we find that the contention of the defendant was fully presented, and that the jury could not have failed to understand that the amount due the contractor was the contract price, less the amount

paid, added to the reasonable cost of completing the house, and that if this exceeded the claim of the plaintiff, and the materials furnished were used in the house, he should recover the amount of his claim; and if less, that he could only recover the amount due the contractor.

This is the correct rule (27 Cyc., 102; *Supply Co. v. Eastern Star Home,* 163 N. C., 513), and when read in connection with the part of the charge excepted to, leaves it free from criticism.

It is also manifest from the verdict that the jury applied this rule and that they allowed the defendant every item of expense she testified to, and in addition about $40, presumably for defects in shingles and inferior workmanship which she described, but to which she affixed no value.

The verdict of the jury is for $681 and the uncontradicted evidence is that the material furnished by the plaintiff was worth $770.31.

The verdict does not, therefore, represent the value of the material, and must be the amount due on the contract by the defendant. How was this ascertained?

The contract price was $2,100, on which had been paid $1,100, leaving a balance due of $1,000.

The defendant testified that in order to complete the house she paid $36.50 for lumber, $6.50 for ceiling, $30 for mantels, $5 to have leaks repaired and for work on the flue, and that the labor for putting on ceiling was worth $4, and the cost of painting was $200, making a total of $282.

She also testified the shingles were defective, but did not state the amount of the damage by reason thereof, and if $37 be allowed for this defect, and this is added to the other items of $282, making a total of $319, and this total is deducted from the sum of $1,000 remaining due on the contract, we have $681, the balance due by the defendant after allowing her all she paid the contractor and every item of expense she testified to, and this is the verdict.

The defendant has been in possession of the house five years and was in position at the trial to give accurate information to the jury of expenses incurred and of defects in material and workmanship.

The jury allowed no interest, and we find no error in the other parts of the charge excepted to.

No error.