NORFOLK BUILDING SUPPLIES COMPANY v. ELIZABETH CITY HOSPITAL COMPANY.

(Filed 18 September, 1918.)

1. **Mechanics' Liens — Laborers — Materialmen—Notice—Liens—Statutes— Trust Funds.**

Under the provisions of Revisal, sec. 2021, requiring the contractor to furnish the owner an itemized statement of amounts due by him to laborers, materialmen, etc., which the owner must retain from the amount he owes him, providing also that the laborers and materialmen may themselves give such notice with the same results, thereby securing their "liens and benefits," etc., it is *Held,* that the liens thereby conferred will arise to the claimants for labor done or material furnished, etc., upon sufficient notices properly served, either by the contractor or claimants; and the amounts due by the owner to the contractor at the time of such notice, or which may thereafter be earned under the terms and provisions of the contract, shall constitute a trust fund to be distributed among the lienors.

**2. Mechanics' Liens—Laborers—Materialmen—Notice—Liens—Architects.**

   Notices of claims by laborers, materialmen, etc., for liens upon the
   building, given to the owner's architect, do not meet the requirements of
   the statute, without evidence of his further agency, and is insufficient.
   Rev., sec. 2021.

**3. Same—Amounts Due.**

   The object of the notice required by the statute to be given the owner,
   and upon which the statutory lien for labor, material, etc., depends, is to
   apprize the owner of the amounts then due to those who have done labor
   upon or furnished materials for the building; and a statement of the
   materials used in the building, given by the contractor to the architect,
   upon which the former is to be allowed a payment of a certain per cent
   under the terms of contract, as the building progresses, does not meet the
   statutory requirements, and is insufficient to create the lien.

**4. Mechanics' Liens — Laborers — Materialmen — Owner's Knowledge—No-
   tice—Statutes.**

   Mere knowledge of the owner that certain laborers are at work on his
   building, or that certain persons or firms have supplied materials, is insuf
   ficient as notice to him, under the statute, of any claim of lien thereon.
   Rev., sec. 202.

ACTION to enforce a materialman's lien, under section 2021, *et seq.,* of
Revisal, tried before *Whedbee, J.,* and a jury, at Special Term, 1918, of
PASQUOTANK.

On a former trial of the case a judgment of nonsuit was entered, the
judge below holding that none of the notices relied upon by plaintiff to
effect a lien, as claimed by him, was sufficient for the purpose. On
appeal from that judgment, the same was reversed, this "Court being of
opinion that at least one of the notices—that of 18 January, 1915—was
sufficient in form to constitute a lien, requiring a *pro rata* distribution of
the amount due to the contractor at that date." See 174 N. C., 57.

This opinion having been certified down, the present trial was entered
upon, and, defendant having admitted the service of notice of 18 Jan-
uary, there was verdict to the effect that at date of said notice there was
due from the owner to the contractor the sum of $1,000, and that $268.71
of this sum, the *pro rata* due plaintiff on his claim, has been paid him,
and judgment was thereupon entered that defendant go without day and
recover his costs.

Plaintiff, having duly excepted, appealed.

*Ehringhaus & Small for plaintiffs.*
*Meekins & McMullan and C. E. Thompson for defendants.*

HOKE, J.   Under section 2021, Revisal, and affiliated sections, a con-
tractor is required to furnish the owner of the building, etc., an itemized
statement of the amount due to any laborer, mechanic, materialman, etc.,

and the owner must thereupon retain from the amount due to such contractor a sufficient sum to pay same; and in the same section it is provided that any laborer, mechanic, artisan, or person furnishing material, etc., may themselves serve such a notice on the owner or agent, and thereby secure the "lien and benefits conferred by this section or by any other law of this State in as full and ample a manner as though the contractor had furnished the statement."

Construing these sections, it has been held in several of our decisions that the liens thereby conferred will arise to these claimants by sufficient notices, properly served, either by the contractor or claimants, and that the amounts due from the owner to the contractor at the time of notice duly served, or which may thereafter be earned under the terms and provisions of the contract, shall constitute a trust fund and to be distributed *pro rata* among the claimants, whose demands shall be presented properly and in apt time. *Foundry Co. v. Aluminum Co.,* 172 N. C., 704; *Brick and Tile Co. v. Pulley-King Lumber Co.,* 168 N. C., 371; *Manufacturing Co. v. Andrews,* 165 N. C., 285; *Clark v. Edwards,* 119 N. C., 115; *Pinkston v. Young,* 104 N. C., 102; *McCracken v. Gain,* 128 Ill., 23. In *Foundry Co. v. Aluminum Co., supra,* it was held: "The amount due the contractor and subject to the claims of materialmen who have filed their statutory notice is not a debt due by owner to the materialmen in the ordinary sense, but a fund held in trust for them strictly arising from the operation of the statute, in conformity with its terms; and the statute imposes no duty upon the owner when the materialmen have not filed the required notice or acquired their lien accordingly."

In *Brick Co. v. Pulley* the Court said: "One who has furnished material used in the construction of the building under contract with the subcontractor, by giving the proper notice to the owner, is substituted to the rights of the contractor, and his lien is enforcible against any and all sums which may be due from the owner to him at the time of notice given, or which are subsequently earned under the terms and conditions of the contract. Revisal, secs. 2019, 2020, 2021."

And in regard to the *lien* arising from the contractor's giving the proper notice, it was said, in *Pinkston v. Young:* "If the contractor shall furnish the itemized statement, the laborers' lien will arise and be effectual as prescribed." And to the same effect is *Butler, etc., v. Gain,* 128 Ill., 23, *supra.*

Considering the record in view of the principles approved in these and other like decisions, the jury having found that plaintiff gave proper notice of their claim 18 January, 1915; that there was then due the insolvent contractor the sum of $1,000, and that plaintiff has received his *pro rata* of this sum, the judgment for defendant must be upheld,

unless some error has been shown in the proceedings by which this verdict was reached.

It is chiefly urged for the plaintiff that there was an earlier notice served when there was a much larger amount due, to wit, the monthly notices given by the contractor, October, etc., 1914, to the architect in charge of the building and while it was being constructed, and which contained a statement of the portion of material which had been purchased from the plaintiff.

There are cases to the effect that, under statutes similar to ours which authorize notices to the owner or his agent, a notice to an architect, as such, is not regarded as sufficient. *Drummond v. Rice,* 27 Pa. Sup. Ct., 226; *Tangenheim v. Anschutz-Bradberry Co.,* 2 Pa. Sup. Ct., 285. But if it be conceded that the testimony in this case shows such extended powers in the architect as to constitute him a proper agent for the purpose, within the meaning of the statute, this position of plaintiff must be disallowed, for the reason that the notices relied on do not comply with or serve the purpose of the statutory requirement. They were notices which the architect was required to give to enable him to draw the 90 per cent of the amount to be paid him by the terms of the contract, and were not designed nor framed to notify the owner of any materialman's lien. True, under our construction, the lien will arise to the claimant, whether the statutory notice is given by the contractor or the party, but its purpose is to apprize the owner that the itemized amount was due the claimant for material or labor used in the building.

Under the terms of the statute, the contractor must notify the owner by a statement, properly itemized, showing the amount owing to the materialman. And the notice of the materialman, etc., must be an itemized statement of the amount due him; and a mere notice by the contractor to procure his amount per cent by making a satisfactory showing of the amount of material delivered, without also showing that same is due to the claimants, is no compliance with the statute, and creates no lien for the materials.

Mere knowledge on the part of the owner that certain laborers are at work on the building, or that certain persons or firms have supplied material, does not suffice. *Clark v. Edwards, supra.*

The suggestion that, in a settlement had between the owner and the contractor after notice given, an additional credit was allowed, is without merit. As we interpret the evidence on this question, it merely means that in such settlement the contractor ascertained that the credit in question, amount $477, had been paid out for material before any valid notice filed, and that such credit should have been and was properly allowed.

We find no error in the record, and the judgment for defendant must be affirmed.

No error.