### HUSKE HARDWARE HOUSE v. MRS. ELLA T. PERCIVAL AND G. E. BETTS.

(Filed 15 June, 1932.)

**Laborers' and Materialmen's Liens B c—Letter in this case held not sufficient to constitute statutory notice to owner by materialman.**

A letter to the owner setting forth the amount of the account for materials furnished the contractor and stating that other items were being purchased on the account, and offering to furnish an itemized statement upon request is not a sufficient notice upon which to base a materialman's lien, C. S., 2438, 2439, 2440, 2441, the statute requiring that an itemized statement be furnished the owner unless the contract is entire, in which case such particularity is not essential.

CLARKSON, J., dissents.

CIVIL ACTION, before *Midyette, J.,* at Spring Term, 1932, of CUMBERLAND.

On or about 1 July, 1929, the defendant, Betts, a contractor, entered into an agreement with his codefendant, Mrs. Ella T. Percival, agreeing to build a dwelling-house upon a certain lot of land owned by Mrs. Percival. The plaintiff began furnishing certain material to the contractor on 1 July, 1929, continuing through 19 November, 1929, which said materials were duly used in the construction of the building. The contract price was $4,350. On 23 November, 1929, the plaintiff wrote a letter to the owner, Mrs. Percival, as follows: "This letter is to notify you that we have furnished and are furnishing goods to Mr. G. E. Betts, contractor, for the use in the construction of the building for you on Russell Street, in this city. The bill now amounts to $636.06, and he is still purchasing a few items on the account. We shall be glad to furnish you with itemized statement covering the account. We thus notify you in compliance with the laws of this State which make it incumbent upon us to thus advise you and requires you to see that our bill is paid before any payments are made to the contractor." There

was evidence tending to show that, at the time the letter was written by the plaintiff and received by the defendant, Mrs. Percival, she had in her hands approximately $1,100 due the contractor. It was alleged that on 5 February, 1930, the plaintiff filed a notice and claim of lien in the office of the clerk of the Superior Court of Cumberland County. The summons was issued on 4 April, 1930, and served on 6 April, 1930.

The following issue was submitted to the jury: "Did the plaintiff, in due time, and before settlement by defendant owner with the defendant contractor, notify the defendant, Mrs. Ella T. Percival, of the amount due and unpaid it by said contractor, according to law, as alleged in the complaint?"

The trial judge instructed the jury to answer said issue "No."

From judgment upon the verdict the plaintiff appealed.

*Cook & Cook for plaintiff.*
*Dye & Clark for defendant, Ella T. Percival.*

BROGDEN, J. Was the letter of 23 November, 1929, sufficient "notice" to the owner to support a lien upon her land?

A lien upon a building is a creature of statute, and the right thereto is based upon notice to the owner before settlement is made. The nature of the notice contemplated by the pertinent statutes is described in *Construction Co. v. Journal,* 198 N. C., 273, 151 S. E., 631. The Court, after referring to certain decisions upon the subject, declared: "These decisions, in substance, require that the notice or itemized statement must be filed in detail, specifying the materials furnished or labor performed and the time thereof. Such notice or itemized statement must show substantial compliance with the statute. However, if it is an entire contract for a gross sum the particularity otherwise required is not essential." Manifestly, C. S., sections 2438, 2439, 2440, 2441, and 2442 must be construed together.

The plaintiff relies upon *Bain v. Lamb,* 167 N. C., 304, 83 S. E., 466, and *Hardware Co. v. Burtner,* 199 N. C., 743, 155 S. E., 733. In the *Bain case, supra,* the acknowledgment of the receipt of a letter expressly promising to pay the amount of the claim filed, was held to constitute a waiver of the failure to submit an itemized statement. Moreover, in the *Burtner case, supra,* the original record discloses that an itemized statement was furnished the owner by the materialmen. Consequently, the Court is of the opinion that the ruling of the trial judge was correct.

Affirmed.

CLARKSON, J., dissents.