ECONOMY PUMPS, INC., v. F. W. WOOLWORTH COMPANY.

(Filed 10 December, 1941.)

**1. Master and Servant § 4a—**

A contract under which a plumber contracts to install certain fixtures in accord with plans and specifications furnished by the owner, and the owner agrees to pay the cost of labor and materials plus a percentage of the cost as compensation to the plumber, the work to be performed by the employees of the plumber, establishes the relationship of principal and independent contractor between the parties.

**2. Same—**

Where the owner agrees to pay the cost of labor and materials used in the project plus a fixed percentage of such cost as compensation to the contractor, the fact that the basis of the contractor's compensation is the cost of materials and labor instead of a fixed sum does not have the effect of converting the status of the contractor from an independent contractor to an employee.

**3. Same—**

Since the owner is directly interested in the cost of materials used by a contractor under a contract obligating the owner to pay the cost plus a percentage of the cost as compensation to the contractor, the owner's inquiry concerning and its objection to the amount charged for certain materials used in the project is not evidence of any supervision or control over the manner and method of doing the work.

**4. Same—**

An independent contractor is not converted into an employee by reason of the fact that the owner or proprietor reserves the right to have its architect or agent supervise the work to the extent of seeing that it is done pursuant to the terms of the contract.

**5. Same: Laborers' and Materialmen's Liens § 1: Election of Remedies § 5—**

Where a material furnisher elects to file notice of lien on the theory that the material was furnished to a subcontractor, he is estopped under the doctrine of election of remedies from thereafter asserting that such material was sold directly to the owner.

**6. Laborers' and Materialmen's Liens § 5a—**

In order for a material furnisher to hold the owner liable he must show that the owner was notified by him or by the contractor of his claim before the owner completed payment to the contractor. C. S., 2439, 2440.

**7. Laborers' and Materialmen's Liens § 5b—**

Notice to the owner of a materialman's claim must specify the material furnished, the time it was furnished, and the amount due and unpaid, so as to put the owner on notice that such an amount is demanded.

**8. Same—**

Where the owner of a building lets a contract on a cost plus basis, materialmen's invoices submitted to the owner from time to time so that the owner might check the cost of material and compute the percentage due the contractor, are insufficient to constitute statutory notice of a materialman's claim for materials.

**9. Same—**

Where the owner of a building lets a contract on a cost plus basis, statements made by the contractor to the owner of the cost of labor and materials used, submitted for the purpose of disclosing the amount due by the owner to the contractor, are insufficient to constitute the statutory notice of the claim of a material furnisher, since the owner would be liable to the contractor for materials furnished only in the event the contractor had paid for such materials and therefore the contractor's statements would tend to lead the owner to believe that the materials had been paid for rather than that any amount was due the material furnisher.

APPEAL by plaintiff from *Grady, Emergency Judge,* at March Term, 1941, of GUILFORD. Affirmed.

Civil action to recover the purchase price of a duplex sewage pump furnished by plaintiff to Economy Plumbing & Heating Company to be installed in building leased by defendant.

On or about 1 November, 1938, defendant entered into what is commonly known as a cost plus contract with the Economy Plumbing & Heating Company of Greensboro for the installation of a sewage pump and cast iron sump in a building in Greensboro occupied by it under a leasehold agreement. Under the contract, which was to be performed in accord with plans and specifications, defendant agreed to reimburse the contractor for material purchased and in addition to pay him a sum equal to 10 per cent of the cost of all materials furnished and 15 per cent of the labor cost. The contractor purchased from plaintiff the duplex

pump described in the complaint for use in fulfillment of the contract and installed the same. After the completion of the contract the contractor furnished the defendant a statement showing the labor employed and the material purchased and the cost thereof and the commissions due, the total of which was $1,481.55. The defendant paid the total thus shown to be due and took from the contractor an affidavit and release in which it is recited "that all bills for labor, material and fixtures going into said work have been fully paid for and that no claim of lien has been filed by anyone and no one is entitled to file a claim of lien against said premises on account of my connection therewith." The affidavit and release were not offered in evidence but are referred to by plaintiff in its brief and its existence is recognized, it being attached to the answer as a part thereof.

The contractor not having paid plaintiff for the material furnished by it, plaintiff instituted this action against the defendant after settlement with the contractor, alleging that it has filed a lien in the office of the clerk of the Superior Court of Guilford County.

When the cause came on for trial, the court below, at the conclusion of the evidence for plaintiff and on motion of the defendant, entered judgment dismissing the action as of nonsuit. Plaintiff excepted and appealed.

*Thomas Turner, Jr., for plaintiff, appellant.*

*Smith, Wharton & Jordan and Arthur O. Cooke for defendant, appellee.*

BARNHILL, J. Plaintiff seeks to recover on either one of two theories: (1) that the Economy Plumbing & Heating Company was a subcontractor, that defendant had notice that plaintiff had not been paid for the material furnished by it prior to the settlement with the contractor and notwithstanding such notice failed to retain a sufficient part of the contract price to pay for same; and (2) that the Economy Plumbing & Heating Company was an agent or employee and not an independent contractor, that when it purchased material from the plaintiff it did so on behalf of defendant and that defendant is liable for the purchase price thereof.

The plumbing contractor, under the contract between it and the defendant, was an independent contractor and not an agent. It was engaged in an independent business or calling requiring special knowledge, skill and training. Anno. 19 A. L. R., 243. It furnished its own employees. It purchased the material necessary for compliance with the contract and installed the same in accord with plans and specifications furnished and received in compensation a lump sum upon a cost

plus basis. *Evans v. Rockingham Homes, Inc., ante,* 253; *Beach v. McLean,* 219 N. C., 521, 14 S. E. (2d), 515; *Hexamer v. Webb,* 101 N. Y., 377, 4 N. E., 755; Anno. 19 A. L. R., 1282, *et seq.;* Anno. 55 A. L. R., 293; Anno. 19 A. L. R., 227, *et seq.*

"We may take judicial notice that the arrangement of paying the cost plus a percentage, as a contract price for a completed job is growing in favor, and is becoming a common plan adopted by contractors in place of a lump sum payment . . . The change is only in the method of computing payment. There is no change in the relation of the parties from that which exists where the payment is a lump sum. The manner of computing payment for the completed job is not controlling; a change in this regard does not convert an independent contractor into an employee." *Carleton v. Foundry & Machine Products Co.,* 19 A. L. R., 1141 (Mich.).

The cost of the material was the basis of the compensation. The owner, therefore, was directly affected by any charge therefor. Its inquiry concerning and its objection to the charge for plaintiff's pump is not evidence of any supervision or control over the manner and method of doing the work so as to show that the plumbing contractor was an employee and not an independent contractor. Nor was the conduct of defendant's construction engineer such as to change the relationship.

When a contractor has undertaken to do a piece of work, according to plans and specifications furnished, and within the meaning of the definitions referred to, this relation of independent contractor is not affected or changed because the right is reserved for the engineer, architect or agent of the owner or proprietor to supervise the work to the extent of seeing that the same is done pursuant to the terms of the contract. *Johnson v. R. R.,* 157 N. C., 382, 72 S. E., 1057.

Furthermore, where a claimant elects to file notice of a lien on the theory that material was furnished to a subcontractor he is estopped under the doctrine of election of remedies from thereafter asserting that such material was sold direct to the owner. *Lumber Co. v. Perry,* 212 N. C., 713, 194 S. E., 475.

In *Lumber Co. v. Motor Co.,* 192 N. C., 377, 135 S. E., 115, and in *Construction Co. v. Holding Corp.,* 207 N. C., 1, relied on by plaintiff, the facts are essentially different. Neither is in point or controlling.

While it is true that when a contractor furnishes a list of laborers and materialmen to whom he is indebted, the owner must retain a sufficient part of the contract price to satisfy such claims, *Mfg. Co. v. Holladay,* 178 N. C., 417, 100 S. E., 597; *Building Supplies Co. v. Hospital Co.,* 176 N. C., 87, 97 S. E., 146; *Perry v. Swanner,* 150 N. C., 141, 63 S. E., 611; *Pinkston v. Young,* 104 N. C., 102, the burden is on plaintiff to show that such notice was so given by the contractor or that the

owner was notified directly by him. There is no lien until and unless the statutory notice either under C. S., 2439, or under C. S., 2440, has been given. *Pinkston v. Young, supra.*

Such notice or itemized statement must be filed in detail specifying the material furnished or labor performed and the time thereof. It must further show the amount due and unpaid so as to put the owner on notice that such amount is demanded. *Construction Co. v. Journal,* 198 N. C., 273, 151 S. E., 631, and cases cited; *Hardware House v. Percival,* 203 N. C., 6, 164 S. E., 334. Neither invoices furnished under the contract nor statements made by the contractor to enable him to procure what is due, nor mere knowledge of the owner of the existence of the debt is sufficient to charge him with liability. *Clark v. Edwards,* 119 N. C., 115; *Building Supplies Co. v. Hospital Co., supra; Hardware House v. Percival, supra.*

Applying these principles, it clearly appears that the plaintiff failed to give the owner the required notice of its claim so as to impose liability. Invoices were submitted from time to time so that the defendant might check the cost of material and compute the percentage to the Economy Plumbing & Heating Company. These invoices were not intended as notice of a claim due and were not sufficient for that purpose. They were not "an itemized statement of the amount owing for material furnished" rendered for the purpose of giving notice of a claim for material.

The statement rendered by the contractor, upon which plaintiff relies, was in connection with the work and for the purpose of disclosing the total lump sum due under the contract. As the contractor was entitled to pay for material furnished and for commissions thereon only in the event he had paid therefor this statement tends to show that the material had been paid for rather than that there was any outstanding account for material furnished. It fails to disclose that any amount is due the plaintiff or any other person furnishing material or performing labor in connection with the contract.

The plaintiff sold and delivered to the plumbing contractor the pump which is the subject matter of this action. Credit was extended to him and it has failed to offer any evidence tending to show that the owner received any statutory notice of its claim prior to the time the owner made full settlement with the contractor. The judgment of nonsuit was properly entered.

Affirmed.