CAROLINA HARDWARE COMPANY ET ALS. v. RALEIGH BANKING AND TRUST COMPANY AND J. B. CARR & CO. ET ALS.

(Filed 27 October, 1915.)

**1. Courts—Terms—Motions—Notice—Pleadings—Amendments.**

　　Parties to an action are presumed to take notice of motions made therein at regular terms of the court; and actual notice of a motion to amend a pleading thus made is not required to be given the adverse party. Hence when an amendment is permitted by the court, on motion of a party, at the term set for the hearing of the action, it is not required that the adverse party should have had actual knowledge thereof, for such knowledge is implied.

**2. Mechanics' Liens—Pleadings—Amendments—New Contract—Material Furnished—Direct Obligation.**

　　Amendments to pleadings which substantially set up a new cause of action are not allowable by the trial judge as a matter within his discretion, but this does not apply when the amendment only adds to the original cause of action; as where an action is brought to establish a mechanic's lien, alleging that the materials, etc., were furnished the subcontractor, and an amendment is permitted alleging in effect that they were furnished to the contractor under an agreement that the owner would pay for materials, etc., purchased by the contractor, when it was ascertained that the latter was financially unable to complete the building according to the original contract.

**3. Same—Court's Discretion—Reference—Findings by Judge—Evidence—Appeal and Error.**

　　It is the policy of our Code procedure to liberally allow amendments, so that causes may be tried upon their merits and avert failure of justice,

and to that end, when the amendments do not substantially set up a new cause of action, it is within the reasonable discretion of the trial judge to allow them after verdict or judgment so as to conform the pleadings to the facts proved; and where, after the report of a referee in a cause referred, the trial judge permits amendments, consolidates the case with others, and, as thus consolidated, rerefers them, it is within the reasonable discretion of the trial judge, upon the hearing of the referee's report of the consolidated cases, to permit the other plaintiffs to amend according to the amendments theretofore filed.

4. **Mechanics' Liens—Abandonment of Contract—New Contract—Direct Liability—Materials Furnished—Principal and Agent—Undisclosed Principal —Consideration.**

Where an action to enforce against the owner a lien of a materialman has been referred, and the judge, upon the coming in of the report, and from the facts stated therein and supported by the evidence, finds that the owner and contractor agreed that the latter, who was financially unable to complete his contract, should thereafter purchase the materials, etc., for which the owner should pay. *Held,* the agreement thus made in effect constituted the contractor the agent for the owner, and that the materialman, in consideration of the benefits the owner had received, had the right to sue thereon and establish a direct obligation from the owner to him; and *Further held,* that it made no difference as to whether the materialman knew of this new agreement at the time he furnished the materials, under the doctrine that an undisclosed principal may be bound by the simple executory contracts of the agent, made for his benefit, when he is afterwards discovered to be such.

APPEAL by defendant from *Daniels, J.,* at the February Term, 1915, of WAKE.

The above entitled action, with similar actions by J. C. Grinnan and Dorrence Terra Cotta Company, The Raleigh Iron Works Company, Powell & Powell, Inc., and Young & Hughes, against the above defendants, were pending in the Superior Court of Wake County, and, by a consent order, were consolidated in one action. The cause was referred to a referee, who took the evidence and made his report, stating his conclusions of fact and law. The plaintiffs filed exceptions thereto, and upon the hearing the Superior Court, *Daniels, J.,* presiding, sustained the exceptions to the referee's conclusions of law, and rendered judgment for the plaintiffs. The defendant the Raleigh Banking and Trust Company excepted and appealed.

*John W. Hinsdale, Jr., Clark & Broughton, R. C. Strong, Manning & Kitchin for the plaintiffs.*
*Jones & Bailey; Walter L. Watson for the defendants.*

BROWN, J. These several actions, which have been consolidated and tried as one action, were brought to secure and enforce a lien for material furnished and used in the construction of the banking house of the defendant the Raleigh Banking and Trust Company, in the city of Raleigh, and to collect the sums due each of said plaintiffs therefor from said trust company.

Due notice, according to the statute, was given to withhold the sums claimed from the contract price for the construction of the building.

In his first report the referee finds that the trust company had over-paid the contractors, over and above the amount due them on the contract price by $25,423, six months prior to the filing of plaintiffs' liens, and concludes, as matter of law, that the said trust company is not indebted to the plaintiffs in any sum, and that they are not entitled to any lien on the bank building for the materials furnished to J. B. Carr & Co., the contractors.

Upon the coming in this report two of the plaintiffs were allowed to amend their complaints by adding the following amendment:

"That the contract alleged in the next preceding paragraph was, in accordance with its terms, to have been completed in August, 1912, and that the trust company and its contractor, finding that a large part of the contract had not been performed by the contractor, according to its terms, then entered into a new contract with the defendant contractor wherein it was agreed that the said contractor should perform his original contract, with the provision that the defendant trust company would pay for the material, labor, etc., to be then purchased by the said contractor and necessary for the completion of the said building. The building was completed in August, 1913, and accepted by the defendant trust company."

The cause was rereferred and the referee reported his findings of fact and conclusions of law, holding the said trust company not liable for the plaintiffs' demands. To this conclusion of law the plaintiffs excepted. The judge sustained the exception, and upon the findings of fact, as made by the referee, adjudged that the said trust company is liable to plaintiffs, and rendered judgment accordingly.

The defendant first excepts to the order of the court allowing the amendments to the complaint, on the ground that the defendant had no notice of the motion to amend. It appears that the motion was made at the regular term of the court by the plaintiffs the hardware company and Young & Hughes, and was granted without notice to the defendant. It is well settled that no notice of a motion is required to be given to the adversary party when the motion is made at a term when the cause stands for trial. Parties to actions are supposed to take notice of any motion that may be made in a cause when it is made during the terms of the court. *Hemphill v. Moore,* 104 N. C., 379; *Erwin v. Lowry,* 64 N. C., 321; *Stith v. Jones,* 119 N. C., 428.

The defendant contends, in the second place, that the amendment introduced into the proceeding a new and distinct cause of action from the one stated in the original complaint. It is well settled that the court cannot, except by consent, allow an amendment which changes

the pleadings so as to make substantially a new action, but it is also settled that an amendment which only adds to the original cause of action is not of this nature and may be allowed in the sound discretion of the trial judge. *Ely v. Early,* 94 N. C., 1; *Craven v. Russell,* 118 N. C., 564.

We do not think that the effect of the amendment in any way changed or added to the original cause of action. The gravamen of the original complaint is to the effect that the defendant, the trust company, is indebted to the plaintiff for material and supplies furnished in erecting its building. The plaintiffs first proceeded to acquire a lien upon the building for the material furnished under the statute. The plaintiffs failed in this because it turned out, as represented by the referee, that the defendant owed the contractor nothing. But upon that investigation it turned out, and was so reported by the referee, that the contractor had failed in his contract, practically, and in order to complete the building the defendant agreed in August, 1912, to pay for such supplies and material as was necessary to finish it. This does not create a new cause of action. It simply gave the plaintiffs another legal ground for the collection of the same demand.

Upon this principle it was decided that where a complaint alleges that the defendant had converted, wrongfully, money belonging to the plaintiff, thereby setting up a tort, an amendment alleging that the defendant had received the money as trustee, and thereby changing somewhat the character of the action, was allowable in the discretion of the court, as it neither asserted a cause of action, wholly different from that set out in the original complaint, nor changed the subject-matter of the action, nor deprived the defendant of any defenses which he would have had to a new action. *Parker v. Harden,* 122 N. C., 111.

The defendant further objects to the said order of amendment, because it was made after the referee had made his second report. It appears that the amendments to the complaint of Young & Hughes and the hardware company were allowed before the cause was heard the second time by the referee, but after the order of consolidation. When the cause was reported by the referee the second time and heard by *Judge Daniels,* he ordered that all the plaintiffs be allowed to amend their complaints so as to allege the agreements made in August, 1912.

The policy of Code procedure as to the allowance of amendments is very liberal, the leading purpose being to have actions tried upon their merits and avert a failure of justice. Therefore, amendments to the pleadings are allowed, not only before trial, but even after judgment, and when the amendment does not change substantially the claim or defense, it may be allowed after the verdict or after report of the referee, so as to conform the pleadings to the facts proved.

Our statute provides that the judge or court may, before and after judgment, in furtherance of justice and on such terms as may be proper, allow amendments to the pleadings or process. Rev., sec. 509; *Blalock v. Clark,* 133 N. C., 309; *Simpson v. Lumber Co.,* 133 N. C., 99.

The only other assignment of error we deem it necessary to consider goes to the very heart of the controversy: that the court erred in finding as a fact that the defendant trust company ascertained in August, 1912, that its contractor was insolvent, and that the said defendant agreed with its contractors, Carr & Co., that the trust company would pay for all materials and labor thereafter required to complete said building in accordance with the plans and specifications.

His Honor, in his judgment, found the following facts:

"That in August, 1912, the defendant bank, through its president, Charles E. Johnson, who was likewise chairman of the building committee having in charge the erection of the bank building for said trust company, ascertained that the said J. B. Carr & Co., the general contractors, as found by said referee, were insolvent, and were unable to complete the said building in accordance with their said contract and to supply the labor and materials necessary to complete it, and to pay their subcontractors for the necessary materials and labor contracted with for them to be used in the completion of said building, required the said J. B. Carr & Co. to furnish to the said trust company an itemized statement of all amounts due by him for labor and materials furnished and performed on said building, and also all outstanding and unperformed contracts for material and labor necessary to be used in the completion of said building in accordance with the plans and specifications therefor.

"And upon receiving the said itemized statements aforesaid, the said banking and trust company, through its president, Charles E. Johnson, agreed with the said J. B. Carr & Co. that the said bank would pay for all labor and materials then due and all materials and labor required to complete the said bank building in accordance with said plans and specifications. And in the list of subcontracts furnished the said banking and trust company by the said J. B. Carr & Co., the contracts with the plaintiffs were stated, and the amounts to become due were stated in said itemized statement furnished, as follows: J. C. Grinnan and Dorrence Terra Cotta Company, $4,620; Powell & Powell, $46.45 (paid September 18); Raleigh Iron Works, $1,180.06; Young & Hughes, $1,865 (paid August 6, $96.65; August 31, $200; September 18, $100; October 9, $300; October 26, $100); Carolina Hardware Company, $25.67 (paid 14 September, $33.44).

"And in pursuance of this agreement by the said Raleigh Banking and Trust Company with the said J. B. Carr & Co. in August, 1912,

the said plaintiffs furnished materials and did work required by the specifications for the said bank building, and used in said bank building with the knowledge of the said Raleigh Banking and Trust Company.

"And it is further found as a fact that in August, 1912, the defendant trust company, in order to get its building completed, and in consideration thereof, agreed with its codefendants, J. B. Carr & Co., that it would pay for all materials which thereafter should be purchased by the said J. B. Carr & Co. and used in the said bank building."

His Honor did not reverse any finding of fact made by the referee, but adjudged that upon the findings made by him the trust company was indebted to the plaintiffs upon the contract made in August, 1912, and in this conclusion we think his Honor was correct.

It is contended that there is no evidence and no finding of the referee to support the judgment of the court. We think there is both a finding and evidence sufficient to support it. The Supreme Court has no jurisdiction to review the findings of fact made by the Superior Court when there is evidence to support those findings. The evidence reported by the referee, in our opinion, is sufficient to justify his Honor in finding, from that evidence, that when the trust company saw that its building would not be completed, and that its contractor had broken down, its officers authorized the contractor to purchase the necessary material to complete the building, and agreed to pay for it.

It is not necessary that this contract should have been made directly with these plaintiffs. If the facts be true, as reported by the referee and found by his Honor, then Carr was constituted agent of the trust company and duly authorized to purchase the material necessary to complete the building. The benefits to accrue to the trust company were sufficient consideration to support such new agreement. When that agreement was made, the trust company undertook to complete the building itself. Carr then became its agent, and not an independent contractor.

The material furnished by these plaintiffs became the direct obligations of the trust company, and not those of the original contractor. It is immaterial whether the plaintiffs knew of the new agreement made in August, 1912, although it is found that they had knowledge of it. The liability of the agent is not exclusive. Although the plaintiffs extended credit to Carr in ignorance of the fact that he was acting for the trust company, the plaintiffs had the right to hold the undisclosed principal liable when discovered. It is well settled that an undisclosed principal is bound by executory simple contracts made by the agent and by the acts of the agent, done in relation thereto, within the scope of his authority and in the course of his employment. 31 Cyc., page 1574, and cases cited in the notes; *Nicholson v. Dover,* 145 N. C.,

18; *Combes v. Adams,* 150 N. C., 68; *Peanut Co. v. R. R.,* 155 N. C., 148.

Upon a review of the whole record, the judgment of the Superior Court is

Affirmed.