## NORTH CAROLINA LUMBER COMPANY v. SPEAR MOTOR COMPANY ET AL.

(Filed 27 October, 1926.)

**1. Contracts—Written Contracts—Interpretation—Questions of Law—Independent Contractors—Principal and Agent.**

The question as to whether a building is altered and repaired by one acting as an independent contractor, or as the agent for the owner, to be compensated by a percentage of the cost of the work, is one of law, when the full terms of such employment are stated in a written contract unambiguously expressed.

**2. Same—Respondeat Superior—Materialmen.**

Under a contract to remodel or repair a building for the owner upon a compensatory percentage based upon the cost, the owner to pay for all materials used upon statements rendered, and to retain supervision or control of the work as it progressed, the relationship of principal and agent is established, and not that of independent contractor, and the owner is directly responsible to those furnishing the materials in contemplation of the contract.

**3. Mechanics' Liens—Principal and Agent—Materialmen.**

Where one has furnished the owner at the request of the contractor, materials to be used in his building, and by the terms of the written contract, the contractor is the agent of the owner for that purpose, the one so furnishing the material may acquire and enforce his lien upon the building, under the provisions of C. S., 2433, 2469, 2470.

**4. Principal and Agent—Undisclosed Principal—Respondeat Superior.**

A materialman who has furnished to the agent of the owner material for the construction or repair of his building may hold the owner liable for the purchase price as an undisclosed principal, and enforce his lien upon afterwards discovering this relationship.

**5. Election of Remedies—Principal and Agent—Undisclosed Principal—Judgment by Default Against Agent—Pleadings—Issues—Independent Contractor.**

Where a material furnisher for a building has sued the owner as an undisclosed principal as well as his agent who purchased the material, and judgment by default in his favor has been taken against the agent, he is not thereby barred of his right of recovery against the principal, under the doctrine of election of remedies, to prosecute his action to final judgment against the principal, the cause having for this purpose been retained and proceeded with under the principal's denial of the agency, but setting up the defense of independent contractor.

APPEAL by plaintiff from *Bond, J.,* at June Term, 1926, of LENOIR. New trial.

Action to recover purchase price of lumber sold by plaintiff and used in remodeling building on lot owned by defendant, Spear Motor Company, in Kinston, N. C.

On 17 June, 1924, Spear Motor Company employed R. L. Blalock & Son to remodel its building, under a written contract, the material portions of which are as follows:

"The contractor shall order all materials, furnish all construction equipment and sufficient skilled and common labor force which may be necessary to properly remodel or rebuild the property tenanted by the Spear Motor Company, Kinston, N. C., in accordance with such plans and specific instructions as may be furnished by the owner.

"And for and in consideration of the duties, as stated above to be performed by the contractor, the owner shall pay to the contractor in legal tender of the United States of America the sum amounting to the

total cost of the work plus ten per cent (10%). Said payment shall be made in the following manner:

"The weekly payroll for all labor shall be submitted to the owner on Monday of each week and the owner shall immediately pay to the contractor the full amount of said payroll.

"On or about the first of each and every month, the contractor shall submit to the owner all invoices for materials, freight and express bills, drayage charges and bills for other such items, received by the contractor during the previous month as may not appear on the weekly payrolls, and the owner shall immediately pay to the contractor the sum amounting to the full amount of the aforesaid invoices and bills.

"Upon completion and acceptance of the work, the owner shall pay to the contractor the sum amounting to the full amount of the bills for materials, freight, express, drayage, etc., and such payrolls for labor as may not have been previously paid, and in addition to the above, the owner shall pay to the contractor the sum equivalent to ten per cent (10%) of the total cost of the completed work."

Thereafter, R. L. Blalock & Son ordered from plaintiff a carload of flooring which was shipped on 11 September, 1924, and used by them in remodeling said building, in accordance with the terms of the written contract; the purchase price of said flooring was $593.26; the bill for same was subsequently presented to Spear Motor Company by R. L. Blalock & Son as required by said contract, for payment; neither Spear Motor Company nor R. L. Blalock & Son have paid plaintiff for said flooring. The work under said contract has been completed by R. L. Blalock & Son and accepted by Spear Motor Company.

Spear Motor Company did not pay R. L. Blalock & Son the amount of bills for material, and of payrolls, for remodeling said building, in cash; the said company delivered to them, on account, two automobiles, valued at between $9,000 and $10,000; on 8 December, 1924; the balance due was settled by note for $2,800. No notice that plaintiff's claim for the lumber had not been paid by R. L. Blalock & Son, was given to Spear Motor Company, prior to its settlement with R. L. Blalock & Son.

On 11 February, 1925, plaintiff filed notice and claim of lien on the lot and building of Spear Motor Company, in Kinston, N. C., in the office of the clerk of the Superior Court of Lenoir County; said lien was filed within six months from the date of the furnishing of said material; this action was begun within six months from the date of the filing of said lien. Judgment by default final was rendered in this action in favor of plaintiff and against R. L. Blalock & Son, on 14 September, 1925. The action was tried at June Term, 1926, upon the complaint of plaintiffs and the answer of Spear Motor Company.

At the close of the evidence upon the facts admitted in the pleadings and by defendants during the trial, plaintiff moved for judgment. This motion was denied, and plaintiff excepted.

From judgment on the verdict that defendants, Spear Motor Company, were not indebted to plaintiff, and that plaintiff had no lien on the lot and building owned by Spear Motor Company, plaintiff appealed to the Supreme Court.

*Rouse & Rouse for plaintiff.*
*Powers & Elliott, P. D. Croom for defendants.*

CONNOR, J. The vital question involved in this appeal is the relationship between Spear Motor Company and R. L. Blalock & Son with respect to the work to be done by the latter for the former, under the written contract. There is no controversy as to the execution of the contract by the parties thereto, or as to its terms.

Plaintiff contends that under the contract R. L. Blalock & Son were agents of Spear Motor Company, and as such agents purchased from plaintiff the lumber which was used as material in remodeling the building; that Spear Motor Company is liable for the purchase price of said lumber, as principal, and that plaintiff has a lien on the lot and building of Spear Motor Company for the amount of the purchase price of said lumber by virtue of notice filed in the office of the clerk of the Superior Court. Defendants, Spear Motor Company, contend that R. L. Blalock & Son were independent contractors, with respect to the work done in remodeling its building, and that the company is not liable for said purchase price; that plaintiff, having failed to give said company notice as required by statute, before it had settled with said contractor, acquired no lien upon its property by the notice and claim of lien filed in the clerk's office. The issue raised by these contentions is one of law, to be determined by the court, and not of fact, to be submitted to the jury.

It is clear that Spear Motor Company would have been liable, upon the principle of *respondeat superior,* for a tort committed by R. L. Blalock & Son in doing the work which they had undertaken to do, under this contract, for it is expressly provided therein that R. L. Blalock & Son shall remodel the building on the lot owned by Spear Motor Company "in accordance with such plans and specific instructions as may be furnished by the owner." Spear Motor Company reserved the right not only to direct the manner in which the work should be done, but also to specify what material should be used. The right to control the work in every detail, and at every stage, was retained by Spear Motor Company. This has been declared the vital test for de-

termining whether a person employed to do work for another is an independent contractor, in actions to recover damages for a tort, where liability was denied by the party for whom the work was done, upon the ground that the *tort feasor* was an independent contractor and not the agent or servant of such party. *Greer v. Construction Co.,* 190 N. C., 632; *Aderholt v. Condon,* 189 N. C., 748; *Cole v. Durham,* 176 N. C., 289; *Simmons v. Lumber Co.,* 174 N. C., 220; *Gadsden v. Craft,* 173 N. C., 418; *Vogh v. Geer,* 171 N. C., 672; *Embler v. Lumber Co.,* 167 N. C., 457; *Harmon v. Contracting Co.,* 159 N. C., 22; *Hopper v. Ordway,* 157 N. C., 125; *Denny v. Burlington,* 155 N. C., 35; *Young v. Lumber Co.,* 147 N. C., 26; *Craft v. Timber Co.,* 132 N. C., 151.

It is further provided in the contract that on or about the first of each month R. L. Blalock & Son shall submit to Spear Motor Company all invoices for materials received by R. L. Blalock & Son during the previous month, and that Spear Motor Company shall immediately pay to R. L. Blalock & Son the amount of said invoices. Upon completion and acceptance of the work, Spear Motor Company, in addition to the amounts paid for material and labor, agreed to pay R. L. Blalock & Son an amount equal to ten per cent of the total cost of the work. This latter sum is manifestly the compensation which R. L. Blalock & Son were to receive for their services, to be rendered under the contract. The mode of payment provided in the contract is sometimes an important element to be considered in determining whether a party who has agreed to do work for another is an independent contractor, but it is not controlling. The circumstance that the workman is to receive no compensation until the satisfactory termination of his employment does not require that he be classed as an independent contractor. 14 R. C. L., p. 74, sec. 11. Where the facts with respect to the relationship of the parties to a contract for work are disputed, upon an issue submitted to the jury, the method and manner of payment may properly be considered by them in determining the issue *(Minor v. Stevens,* 65 Wash., 423, 42 L. R. A., N. S., 1178), but where the contract of employment is in writing, and is unambiguous, the question whether the employee is a servant or an independent contractor is for the court and not for the jury, and the method and manner by which the employee is to be paid is immaterial. Ann. Cas., 1918C, p. 632, and cases cited.

Where the party who agrees to do the work is not an independent contractor, but a servant or agent, the party for whom the work is to be done, is liable as master, or principal, for torts of his servant or agent committed while prosecuting the work, upon the principle of *respondeat superior;* where the servant or agent, as authorized by the contract of employment, purchases material to be used in the perform-

ance of the contract, the master or principal is liable for the purchase price of the material upon the principle of *qui facit per alium, facit per se.*

In *Hardware Co. v. Banking Co.,* 169 N. C., 744, defendant Banking Company, in order to get its building completed, had agreed with its codefendant, who agreed to do the work, that it would pay for all materials which thereafter should be purchased by said codefendant, and used in completing said building. It was held that materials furnished by plaintiffs became the direct obligations of the Banking Company and not those of the original contractor. It is said in the opinion of *Brown, J.:* "It is immaterial whether the plaintiffs knew of the new agreement made in August, 1912, although it is found that they had knowledge of it. The liability of the agent is not exclusive. Although the plaintiffs extended credit to Carr in ignorance of the fact that he was acting for the Trust Company, the plaintiffs had the right to hold the undisclosed principal liable when discovered. It is well settled that an undisclosed principal is bound by executory simple contracts made by the agent and by the acts of the agent, done in relation thereto, within the scope of his authority and in the course of his employment. 31 Cyc., p. 1574, and cases cited in the notes. *Nicholson v. Dover,* 145 N. C., 18; *Combes v. Adams,* 150 N. C., 68; *Peanut Co. v. R. R.,* 155 N. C., 148."

Under the contract between Spear Motor Company and R. L. Blalock & Son, which was in writing, and unambiguous in its terms, it must be held as matter of law that the relationship between them was that of master and servant, or principal and agent, and not of owner and independent contractor. Upon the principle stated in *Hardware Co. v. Banking Co., supra,* Spear Motor Company, although an undisclosed principal, is liable to plaintiff for the purchase price of the lumber ordered by R. L. Blalock & Son and used in remodeling the building.

The right of plaintiff to recover judgment against Spear Motor Company, upon the facts of this case, is not barred by the judgment by default rendered in its favor against R. L. Blalock & Son, the agent of the undisclosed principal. The agency was denied by Spear Motor Company in its answer; it is expressly ordered in the judgment by default that the "cause be calendared in due course for trial on the issues raised by the pleadings according to the custom of the court." 21 R. C. L., 891, sec. 63 and sec. 68. The agency was not only not disclosed before the action was begun; it was denied by Spear Motor Company in its answer to the complaint. The facts in this case differentiate it from *Rounsaville v. Ins. Co.,* 138 N. C., 191. In that case it was held that a creditor who has recovered judgment against the agent of

an undisclosed principal, has thereby elected to hold the agent for his claim and cannot thereafter recover judgment against the undisclosed principal. Upon the facts of this case, we think it clear that plaintiff did not make an election to hold the agent which barred his right to judgment against his principal. If R. L. Blalock & Son were independent contractors, as contended by Spear Motor Company, or if they were agents for a principal, whom they had not disclosed, they were personally liable to plaintiff. 21 R. C. L., p. 895, sec. 95. Plaintiff cannot be held to have made an election, until the issue involving their relationship, raised by the answer of Spear Motor Company in the action in which both the agent and the principal were defendants, had been determined.

Notice and claim of lien for amount due for material furnished by plaintiff to defendant, Spear Motor Company, was filed as required by C. S., 2469 and C. S., 2470; the action was begun within six months from the date of the filing of the notice; plaintiff therefore has a lien on the lot and building of Spear Motor Company for the amount of the purchase price of the lumber for which Spear Motor Company is liable on the contract of purchase made by its agents.

In *Rose v. Davis,* 188 N. C., 355, it was held that a furnisher of material, which was used in the building by a contractor, acquired no lien on the building, under our statutes, by notice to the owner, filed after the owner had paid to the contractor the full contract price; and that it was immaterial that payment in full had been made in advance, in accordance with the contract between the owner and contractor. This principle has no application to the instant case, for we hold that plaintiff was not a sub-contractor or furnisher of material to the contractor; he is a creditor of the owner, by virtue of a contract made with the agent of the owner, and not a creditor of the contractor.

It is not necessary, therefore, for us to consider or determine whether the delivery of two automobiles, valued at between $9,000 and $10,000, by Spear Motor Company to R. L. Blalock & Son was a payment on account or not, in excess of amount due at time of notice to Spear Motor Company that plaintiff's claim had not been paid by R. L. Blalock & Son. Plaintiff's lien was acquired, not under C. S., 2437, but under C. S., 2433. The lien was perfected under C. S., 2469, and C. S., 2470, and not under C. S., 2438.

There was error in denying plaintiff's motion for judgment. There must be a

New trial.