## KESLER CONSTRUCTION COMPANY v. DIXSON HOLDING CORPORATION.

(Filed 19 September, 1934.)

1. **Principal and Agent A b: Master and Servant A b—**

   Where a contract of employment is in writing and is unambiguous it is a question of law for the court whether the employee is an agent or an independent contractor.

2. **Same—Contract of employment determines whether employee is agent or independent contractor.**

   In determining whether a contract of employment constitutes the employee an agent or an independent contractor, the terms used in the contract to designate the parties are not controlling, but the question must be determined by the intent of the instrument and the meaning of the terms used, the employee being an independent contractor if the owner has no interest in the performance of the contract, but only in the finished product.

3. **Same—Contract in this case held to constitute employee an agent and not an independent contractor in the erection of a building.**

   Where the contract for the erection of a building expresses a nominal consideration given by the builder and the further consideration of "services to be rendered" by him, and the owner agrees to pay the builder a "fee for services," and the contract provides that if the building should cost less than estimated the saving should be divided between the owner and builder up to a certain sum, and that if the owner should retain any savings in excess of the sum stipulated, and that the owner should reim-

1—207

burse the builder monthly for all moneys expended for payrolls, materials, etc., *is held* to constitute the builder an agent of the owner in the construction of the building and not an independent contractor, agency being implied by the use of the terms "fee" and "services to be rendered," and the owner retaining some interest in and control over the cost of the building, and certain contradictory terms used in the specifications do not alter this result, the contract of employment specifying that the owner should so pay for materials notwithstanding stipulations in the specifications to the contrary.

4. **Payment C c—Payment of materialman's lien by owner held not available to owner as credit on amount due builder for erecting building.**
   Where a builder contracts to erect a building as an agent of the owner, the builder to receive a certain "fee" for his services, and the owner to reimburse the builder monthly for sums expended for payrolls and materials, the builder may not claim that a sum paid by him to discharge a materialman's lien for material used in the construction of the building should be allowed as a credit against the amount due the builder for services rendered under the contract, since under the contract the owner and not the builder was bound to pay for materials. The owner would have been entitled to such credit against the builder if the builder had been an independent contractor in the erection of the building, since in such case the builder would have been liable for payment of materialmen.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Cowper, Special J.,* at November Term, 1933, of FORSYTH.

On 17 June, 1927, the plaintiff and the defendant entered into a written contract for the construction by the plaintiff of a building for the defendant on Trade, Cherry and Fifth streets in the city of Winston-Salem, "according to plans and specifications prepared by and under the supervision of Hall Crews, architect." The pertinent provisions of the contract are as follows:

(1) "The contractor is to receive from the owner a flat fee of $8,000 for his services in the erection of this building. The contractor further agrees and guarantees that the total cost of the work included under this contract shall cost the owner a sum not to exceed $141,003. The contractor further agrees that if the cost of this work exceeds the sum of $141,003, it being mutually understood that this amount covers all fees for the contractor, then the contractor shall wholly bear such loss."

(2) "It is further mutually agreed by and between the parties hereto that if the total cost of this building, including the fee of eight thousand dollars to the contractor, shall be less than $141,003, then such saving as shall be effected to the extent of $4,000, or fraction thereof, shall be divided equally between the contractor and the owner. Any saving effected in excess of four thousand dollars shall be solely the property of the owner."

(3) "The owner agrees, for the sum of one dollar, paid by the contractor, receipt whereof is hereby acknowledged, and for the further consideration of the personal services to be rendered by the contractor, to pay the contractor for its services as follows: A flat fee of $8,000, provided the total cost of the building does not exceed $141,003, including this fee. After this fee of $8,000 has been deducted from the contractor's guaranteed total cost of $141,003, if it is found any saving has been effected to the extent of $4,000, or fraction thereof, the owner agrees to divide equally such saving between himself and the contractor."

(5) "It is further mutually agreed by and between the parties hereto, notwithstanding stipulations in the specifications to the contrary, that the owner, between the first and tenth day of each month, shall reimburse the contractor for all moneys that it, the contractor, may have expended on account of this work during the preceding month, 'for payrolls, etc., and that the owner shall pay between the first and tenth day of each month for all materials purchased and delivered on the site during the preceding month; all of these payments to be made and authorized by architect's certificate of payment."

(6) "It is further mutually agreed by and between the parties hereto that the owner is to pay the contractor its fees for services, as referred to above, when this work has been completed in all its parts and accepted by the architect and owner, with the further understanding that the owner may make part payments on account of these fees before the work is finished, if it so desires, and take a receipt therefor."

(10) "The contractor further estimates time of completion and agrees to complete this building in all its parts, ready for occupancy by the owner, on or before December 1, 1927."

After the building was completed, a dispute arose between the parties with reference to the settlement, and the contractor instituted suit against the defendant owner, alleging that said defendant was indebted to the plaintiff in the sum of $2,618.70. The defendant filed an answer alleging that it had been required to pay the sum of $2,805.67 in settlement of a judgment obtained by Monon Stone Company for material purchased and used in said building, and for which the said Stone Company had filed a lien on the property of the defendant. This sum so paid by the defendant was pleaded as payment or "adjudication of the matters involved in this controversy and as a bar to plaintiff's right to recover."

The cause was tried in the Forsyth County Court. The defendant made the following admissions at the trial: "It is admitted by the defendant that the plaintiff performed the contract and that the defendant would be indebted to the plaintiff in the sum of $2,618.70, with interest from July 1, 1928, but the defendant alleges payment in full of said

indebtedness by reason of the defendant having paid the judgment of the Monon Stone Company against this defendant for the materials furnished in the construction of the building, as alleged in the defendant's further defense and counterclaim."

The court ruled that the admissions of the parties cast the burden of proof of payment upon the defendant. Thereupon the defendant offered the judgment of the Superior Court in the Monon Stone Company case, before mentioned, and further offered proof that said judgment had been paid by it. The defendant further offered certain portions of the printed "Specifications for Store Building." Article 9 of said Specifications and General Conditions provides that "unless otherwise stipulated, the contractor shall provide and pay for all materials, labor, water, tools, equipment, light, power, transportation, and other facilities necessary for the execution and completion of the work," etc. Article 36 provides that "the contractor agrees that he is as fully responsible to the owner for the acts and omissions of his subcontractors and of persons either directly or indirectly employed by them, as he is for the acts and omissions of persons directly employed by him. Nothing contained in the contract documents shall create any contractual relation between any subcontractor and the owner."

The judge of the county court held that the evidence offered by the defendant did not constitute payment, and directed the jury to answer the issues in favor of the plaintiff. The verdict awarded the plaintiff the sum of $2,618.70, with interest thereon, and from judgment upon the verdict the defendant duly appealed to the Superior Court.

The judge of the Superior Court overruled the exceptions and assignments of error filed by the defendant and affirmed the judgment of the county court. Whereupon, the defendant appealed to the Supreme Court.

*Parrish & Deal for plaintiff.*
*Ingle & Rucker for defendant.*

BROGDEN, J. Does the contract between the parties constitute the plaintiff an independent contractor or an agent for the defendant, owner, in erecting and completing the building?

Manifestly, if the plaintiff was an independent contractor it was bound to pay for materials, and hence, under the circumstances, the amount paid by the defendant to the Stone Company which furnished material for the project should be credited upon the gross contract price, and the plaintiff would not be entitled to recover. Upon the other hand, if the plaintiff was agent for the defendant owner, and contracted to perform personal services for such owner, then the owner was bound to pay for all materials used in the building, and the sum paid to the Stone

Company would not be chargeable to the plaintiff. If a contract of employment is in writing and is unambiguous, the court must determine from the terms and intent of such writing whether the employee is an independent contractor or an agent. *Lumber Co. v. Motor Co.,* 192 N. C., 377, 135 S. E., 115. The contract in the case at bar is in writing and its terms are plain. It is admitted that the plaintiff performed the contract. Did he perform such contract as agent or independent contractor? The rights of the parties under the contract are not to be determined solely by the names they call each other, but rather by intent and meaning of the terms of the instrument. The broad definition of independent contractor is "one who undertakes to produce a given result, but so that in the actual execution of the work he is not under the order or control of the person for whom he does it, and may use his own discretion in things not specified." *Young v. Lumber Co.,* 147 N. C., 26, 60 S. E., 654. Moreover, in determining the relation of the parties certain tests have been considered and held persuasive. Thus, in *Lumber Co. v. Motor Co.,* 192 N. C., 377, it was held that one of the vital tests was the right of thé owner "to control the work in every detail and at every stage." It was further held that the "mode of payment provided in the contract is sometimes an important element to be considered in determining whether the party who has agreed to do work for another is an independent contractor, but it is not controlling. The circumstance that the workman is to receive no compensation until the satisfactory termination of his employment does not require that he be classed as an independent contractor." Another test may be found in *Inman v. Refining Co.,* 194 N. C., 566, 140 S. E., 289, which holds that the right of control or interest in the means by which the work is done is important in determining the relation. Speaking in general terms, if the owner has no interest in the performance of the contract except that the finished product shall be in accordance with the plans and specifications, then all the authorities agree that the workman is an independent contractor, unless, of course, there is evidence tending to show that the writing was not executed in good faith.

Consequently, the question arises as to whether the owner, in this particular case, had an interest in the performance of the work other than in the finished product. The contract itself must either furnish or withhold the answer to this question. Construing the contract as a whole, the Court is of the opinion that it constitutes a contract of agency. This conclusion rests upon the following considerations: (a) The parties agree in Article 3 that the consideration is the nominal sum of one dollar, and "the further consideration of the personal services to be rendered by the contractor in the erection of the building." In Article 6 the owner agrees "to pay the contractor its fee for services."

Manifestly, compensation for services implies agency. (b) The owner retained an interest and a certain control over the cost of the building. For instance, if the contractor constructed the building for $4,000 less than the specified price, one-half of this sum of $4,000 was to be retained by the owner and the other half added to the compensation of the contractor. Moreover, if the contractor saved more than $4,000, the owner retained the entire sum in excess thereof. Therefore, it is apparent that the owner retained an interest in the cost of materials and labor for the plain reason that he was sharing in what might be deemed the profit resulting from wise and economical operations by the contractor. (c) In Article 5 it is stipulated "that the owner, between the first and tenth day of each month, shall reimburse the contractor for all moneys that the contractor may have expended on account of this work during the preceding month for payroll, etc., and that the owner shall pay, between the first and tenth day in every month, for all materials purchased and delivered on the site during the preceding month," etc. The clause that the "owner shall pay, between the first and tenth of each month, for all materials furnished" would seem to clearly establish the liability of the owner for the payment of materials, and thus impose upon it the duty of paying the claim of the Stone Company.

While there is some clash between the language of the printed specifications and the written contract, it was expressly specified in Article 5 that "notwithstanding stipulations in the specifications to the contrary," the owner would reimburse the contractor each month and pay for materials each month as purchased and delivered.

Upon a consideration of the entire record, the Court is of the opinion and so holds, that the judgment rendered correctly interpreted the law.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.