WAYNE B. LOVE, EVERETT H. LOVE, AND ROY L. FURR, PARTNERS, TRADING AS LOVE LUMBER COMPANY, v. JOSEPH M. SNELLINGS AND WIFE, LURA J. SNELLINGS; J. HAROLD McKEITHEN, TRUSTEE; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; FRED A. BRUTON; DOGGETT LUMBER COMPANY, INCORPORATED; AND PAUL H. MOORE, TRADING AS MOORE SHEET METAL CO.

(Filed 9 October, 1957.)

**1. Principal and Agent § 7a—**

Evidence tending to show that the owners of a lot, husband and wife, authorized their contractor to purchase materials for building a house thereon, that the contractor purchased such materials from plaintiffs and that plaintiffs billed the contractor therefor, and that when the material

furnisher demanded payment from the owners, the husband promised to provide the contractor money to pay the materialman or to pay the materialman himself, *is held* sufficient to show liability of the owners to the materialman under the principle of agency.

**2. Laborers' and Materialmen's Liens § 3—**

In order for a subcontractor to enforce a lien against the owner he must notify the owner of his claim before settlement with the contractor, and the lien may not be enforced unless the owner has on hand funds owing to the contractor when he is notified of the claim.

APPEAL by plaintiffs from *Sharp, S. J.,* 16 April 1957 Special Term of MECKLENBURG.

Upon the conclusion of plaintiffs' evidence, defendants Snellings moved for judgment of nonsuit. The motion was allowed. Plaintiffs thereupon submitted to a voluntary nonsuit as to the defendant Bruton and appealed.

*McDougle, Ervin, Horack & Snepp for plaintiff appellants.*
*J. Edward Stukes for defendant appellees.*

RODMAN, J.  The complaint alleges that defendants Snellings engaged defendant Bruton to construct a dwelling for them on lands therein described and thereafter the defendants Snellings and Bruton purchased lumber and building materials from plaintiffs for use in the construction of the dwelling. The purchases amounted to $2,551.64. They assert a lien on the property having priority over the lien of a deed of trust to defendant McKeithen securing the defendant Prudential Life Insurance Company. Defendants Lumber Company and Metal Company are alleged to be asserting liens for materials furnished in the construction of the dwelling.

Defendants Snellings admit they made a contract with defendant Bruton for the construction of a dwelling on their property. They aver the contract price was $11,500. They deny liability to plaintiffs in any sum, denying they ever purchased or plaintiffs ever furnished them with any building materials.

Bruton in his answer admits he was engaged by Snellings to construct a dwelling on their property. He admits that plaintiffs furnished the materials for that purpose but denies he is liable therefor, asserting that the materials were secured by defendants Snellings or their duly authorized agent.

Plaintiffs do not contend that the complaint was intended to assert a right of action under the provisions of Art. 2, c. 44, of the General Statutes.

Plaintiffs claim defendants Snellings are liable for goods purchased by their agent who had authority to purchase, or, if not authorized, his purchases made for Snellings' benefit were ratified by them. If the evidence is sufficient to permit the jury to find the facts as plaintiffs contend, the nonsuit was erroneously granted.

The contract between Bruton and Snellings is not in the record. It does not appear whether it was verbal or written.

The evidence for plaintiffs is sufficient for the jury to find: Bruton contracted as a "general contractor to build the Snellings' house." His agreement "with Mr. and Mrs. Snellings was that I was to build their house for cost, whatever their house cost." It cost $15,818.73 to construct the house. It would take $5,118 to settle the outstanding accounts, which sum represents the amount owing to material suppliers including the amount owing to plaintiffs. Defendants Snellings owe a balance of $5,118.73 under their contract for the construction of the house. Defendant Bruton does not assert any claim to the balance owing. This balance is owing to the material suppliers. Snellings discussed the materials that would go into their home with Bruton, consulting with him as to the exact materials wanted from plaintiffs.

Snellings authorized Bruton to exercise his judgment as to the best place to purchase. Pursuant to this authorization, building materials were ordered from plaintiffs. The materials ordered were charged and invoiced to J. M. Snellings. The first invoice is dated 16 December 1954. Snellings was billed for this early in January 1955. Deliveries were made and invoiced to J. M. Snellings as late as 26 February 1955. When called on for payment in January, Snellings told plaintiffs he wanted to check with Bruton to ascertain if the materials were used in the construction of his home. He promised plaintiffs to see that they got their money. Snellings told Bruton that he (Snellings) would provide Bruton with funds to pay the invoices or he (Snellings) would himself pay the invoices. Snellings has not provided Bruton with funds to pay nor has payment been made.

This evidence, if true, and we must accept it as such on a motion to nonsuit, is, we think, sufficient for a jury to find that Bruton was acting as agent for defendants Snellings in making the purchases or, if not so acting, Snellings had ratified the act of purchasing in the name of and for defendants Snellings. The jury may find that defendants Snellings still owe under the contract a sum sufficient to pay all of the unpaid material claims. If these facts are found by jury, plaintiffs are entitled to recover. *McNeely v. Walters,* 211 N.C. 112, 189 S.E. 114; *Construction Co. v. Holding Corporation,* 207 N.C. 1, 175 S.E. 843; *Lumber Co. v. Motor Co.,* 192 N.C. 377, 135 S.E. 115; *Starkweather v. Gravely,* 187 N.C. 526, 122 S.E. 297; *Hardware Co. v. Banking Co.,* 169 N.C. 744,

86 S.E. 706; *Metzger Bros. v. Whitehurst,* 147 N.C. 171; *Miller v. Lumber Co.,* 66 N.C. 503.

Where one seeks as a subcontractor to enforce a lien against the owner, he must of course notify the owner of his claim before settlement has been made with the contractor, and if the relationship is that of independent contractor and not that of principal and agent, the owner is not liable for the materials furnished unless he has on hand funds owing to the contractor when he is notified of the claim. *Pumps, Inc., v. Woolworth Co.,* 220 N.C. 499, 17 S.E. 2d 639.

Reversed.