M. C. HORTON v. SOUTHERN RAILWAY COMPANY and WINSTON-SALEM SOUTHBOUND RAILWAY COMPANY.

(Filed 24 November, 1915.)

1. **Carriers of Goods—Damages—Penalties—Consignee Named—Consignee Aggrieved—Husband and Wife—Principal and Agent—Undisclosed Principal.**

   Where the consignee of a shipment of goods by a common carrier is not the owner thereof, but is acting as his undisclosed agent, the actual owner is the "consignee aggrieved" under the provisions of Revisal, sec. 2634, and may recover the penalty in an action against the carrier for failure to pay for damages to the shipment within the time and under the conditions specified in the statute. And this construction applies when the wife is the real owner and the husband is named as the consignee in the bill of lading.

2. **Carriers of Goods—Damages—Penalties—Consignee Aggrieved—Undisclosed Principal—Estoppel.**

   Where the undisclosed real owner as consignee in a shipment of goods by a railroad company remains silent and permits the consignee named in the bill of lading to recover the penalty prescribed by Revisal, sec. 2634, for failure to pay damages thereto, he is estopped to proceed against the carrier for the same recovery.

APPEAL by defendants from *Lyon, J.,* at March Term, 1915, of GUILFORD.

Civil action. The plaintiff sued for a penalty under Revisal, sec. 2634, for failing to adjust and pay a claim for loss or damage to property, household furniture, while in the possession of defendants, as carriers, within 60 days after filing of claim by plaintiff, it being an intrastate shipment. The goods were shipped from Wadesboro, N. C., via the railways of defendants to Greensboro, N. C., and the bill of lading showed Ed. Little to be the consignor and G. R. Horton, husband of plaintiff, the consignee; but the goods belonged to plaintiff and her husband was acting as her agent, and, while he was the nominal, she was the real consignee. The goods arrived at Greensboro in a damaged condition and defendants promised to repair and deliver them to Mrs. Horton, but they failed to repair them, and afterwards sold them at

Birmingham, Ala. The claim for the loss of the goods was then filed with defendants in the name of Mrs. Horton. The court submitted two issues to the jury and they were answered as follows:

1. Are defendants indebted to plaintiff; if so, in what amount? Answer: $20.85.

2. Are defendants indebted to plaintiff in the sum of $50 for the penalty, as alleged in the complaint? Answer: Yes.

Judgment on the verdict, and appeal by defendants.

*John A. Barringer for plaintiff.*
*Wilson & Ferguson, Watson, Buxton & Watson for defendants.*

WALKER, J., after stating the case: Counsel admitted before us that the amount allowed by the jury for damage to the goods, that is, $20.85, had been paid by defendants, and they contested only plaintiff's right to the penalty under Revisal, sec. 2634, which provides that "It may be recovered, by any consignee aggrieved," in any court of competent jurisdiction.

If the goods had been shipped by Ed. Little to G. R. Horton, and the latter was acting for himself in the transaction, it might present the serious question as to whether he was not the consignee aggrieved, although the goods were owned by another and even by his wife. But in this shipment G. R. Horton was not acting for himself, but for his wife, she being the real party in interest, as owner of the goods. An agent may be a consignee, as well as a principal, for then he acts for the latter. The right to recover the penalty is incidental to the right to recover for the damage to or loss of the goods. A difficulty which we have encountered in the case is that the principal was not disclosed. But we think that is not so material in this case as might be supposed at first sight. It is the general rule that where a person, without knowing it, deals with one who is, in fact, acting as agent for another, the first person may elect, upon a disclosure of the principal, to hold either him or the agent responsible on the resulting contract, but cannot hold both, because he is put to his election as between them; and such election may appear by any words or acts on his part tending to show a definite purpose or an unequivocal and final determination to depend solely upon the liability of the agent and to abandon the right to proceed against the principal, or conversely. 31 Cyc., 1578.

Referring to this principle, it has been said: "As a corollary to the well-recognized principle that the rights of the other contracting party are not affected by the disclosure of a theretofore unknown principal, the rule is elementary that an undisclosed principal may appear and hold the other party to the contract made with the agent. However, a person has a right to determine with whom he will contract, and he

cannot have another person thrust upon him against his expressed will. An undisclosed principal may claim the benefit of a contract of sale of his property by his agent, and may maintain an action thereon, and enforce any remedies which might have been pursued by the agent himself. Where an agent contracts in his own name for the transportation of goods without disclosing the name of his principal, the principal has a right of action against the carrier for failure to comply with the contract or for loss of or injury to the property." 31 Cyc., 1598, 1599, 1600, and cases in the notes. We need not endorse all of this, as we are of the opinion that the statute, Revisal, sec. 2634, intended to give an action to the principal in such a case for the goods, and also for the penalty as an incident thereof. The only doubt in regard to the matter that has been raised in our minds is, whether under this view the carrier is in any danger of being subjected to a double liability—one in an action by the agent who represented himself as principal and one by the actual principal—but we have concluded that this doubt is more fanciful than real. If the agent should sue and recover before the principal is disclosed, the principal would be bound by his act for having concealed his real character, and thereby having practiced a deceit upon the carrier, or if the agent acted of his own volition and without authority, then, having given him the opportunity to commit the wrong, the real principal or consignee should be equally estopped to proceed against the carrier for the same recovery.

As illustrative of this general principle, and analogous to it, we find it stated in 31 Cyc., at page 1607: "Where the principal has fraudulently or negligently intrusted property to an agent with all the indicia of authority or ownership, a third person purchasing from such agent in entire good faith will be protected from any claims of the principal, although the agent may have been given possession of the property for a special purpose and without authority to dispose of same. The general rule is that the principal may recover for injuries to his property or interests in the hands of his agent committed by a third person, whether by fraud or deceit, negligence or trespass, in the same manner and to the same extent as though such agency did not exist, and as if he had himself dealt with such third person."

Returning to a consideration of the first proposition, in regard to the rights of the consignee, as against the carrier who has dealt with the former's agent without knowing his real character, the rule has been thus stated: "In an action for tort, brought against a railway company to recover damages for failure to safely transport live stock, plaintiff can show that the delivery was made to the carrier by him through an agent, although such agent made the shipment in his own name, without disclosing the fact that he was acting in behalf of plaintiff." 31 Cyc.,

1607; *R. R. v. James*, 117 Ga., 832; *St. Nav. Co. v. Bank*, 6 How. (U. S.), 344.

The statute (Rev., sec. 2634), as amended (Gregory's Supplement, sec. 2634), provides that the penalty shall go to the "consignee aggrieved," or to the consignor, if he is the owner of the goods. It is evident from this language that the Legislature intended to give the penalty to the party actually, or, as we may well express it, pecuniarily aggrieved, the one who sustains the loss, as being the owner of the goods or as having a beneficial interest therein, and not to the nominal consignee, when the latter was acting merely as agent for or in behalf of the real consignee or the party in interest. This accords with *Summers v. R. R.*, 138 N. C., 295; *Grocery Co. v. R. R.*, 136 N. C., 396, and also *Stone v. R. R.*, 144 N. C., 220. If it does not mean this it would be difficult to say what it does mean, for otherwise every consignee could sue whether he had any interest in the goods or not, or any right to recover for a loss of or damage to them.

It may further be said that the statute (Rev., sec. 2634) contemplates that the party who is entitled to recover the damages, or to file and sue upon the claim, is, generally speaking, the party entitled to the penalty, for it requires that the "consignee" shall first establish his claim before he shall have the penalty, though he may sue for both in the same action. The cause of action for loss of or damage to the goods belongs to the real owner of them; and she has recovered in this case, without exception or appeal by defendant.

What we have decided does not conflict with the principle, in the law of agency, which we applied in *Helms v. Tel. Co.*, 143 N. C., 386, and the cases therein cited.

There is no error in the ruling and judgment of the court.

No error.