E. A. WALSTON v. R. B. WHITLEY & COMPANY, INC., AND GENERAL
FOUNDRY & MACHINE COMPANY.

(Filed 25 September, 1946.)

1. **Sales § 14—Complaint held sufficient to allege breach of warranty as to quality and capacity of oil burning tobacco curers.**

In this action to recover for breach of warranty in the sale of oil burning tobacco curers, the complaint alleged that defendant manufacturer warranted the curers to be of best grade, quality and efficiency and that they would generate sufficient heat to satisfactorily cure tobacco in the minimum time required, that the maximum temperature which could be obtained with the curers without smoking and clogging up the flues was about 100 degrees of temperature, whereas about 180 degrees of temperature are required for efficient curing, so that the curers required thirteen days instead of the four days and five nights normally required for curing tobacco. *Held:* The allegations are sufficient to allege breach of warranty as to quality and capacity and defendant's demurrer should have been overruled.

2. **Same—**

Representations as to quality and capacity or other inherent characteristics of machinery which are referable to ordinary and customary standards, constitute warranties and not mere expressions of opinion, but it is necessary that the intent to warrant appear in the form of the expressions, aided in proper cases by circumstances surrounding the transactions.

3. **Damages § 2: Sales § 27—**

A complaint alleging damage to plaintiff's tobacco crop and loss of a large part of it through breach of warranty as to quality and capacity of tobacco curers manufactured by defendant, with allegations that at the time of purchase defendant was advised of special circumstances as to the amount of tobacco plaintiff had to cure and that if it was not cured in apt time serious and substantial loss would result, *held* not demurrable on the ground that the complaint alleged only remote or speculative damages.

4. **Sales § 17—**

Ordinarily, an agent is not liable in an action by a third party for breach of warranty upon a sales contract in which he has acted fully within his authority or within its apparent scope, and contracted only in that capacity.

5. **Principal and Agent §§ 7e, 12d—**

An agent is liable on the contract where the principal is not disclosed, and the principal is liable upon discovery. However, the party aggrieved must elect as to which he shall hold liable and cannot hold them both.

6. **Same: Sales § 17—**

In an action against the manufacturer and dealer for breach of warranty in the sale of tobacco curers, a complaint which alleges that the

dealer acted as agent for the manufacturer in making the sale, without allegation that the agent exceeded his authority or allegation of circumstances tending to show that the agent expressly or impliedly intended to incur personal liability, is demurrable on the part of the alleged agent.

APPEAL by defendants from *Burney, J.,* at June, 1946, Term of HALIFAX.

*Wade H. Dickens and Allsbrook & Benton for plaintiff, appellee.*

*R. B. Brady and Parker & Parker for defendant R. B. Whitley & Co., Inc., appellant.*

*Seawell & Seawell for defendant General Foundry & Machine Company, appellant.*

SEAWELL, J. The plaintiff brought this action to recover for breach of warranty in a sales contract alleged in the complaint to have been made between the plaintiff and the defendant R. B. Whitley & Co., Inc., as agent of its codefendant, General Foundry & Machine Company.

The alleged breach of warranty was in connection with a contract of sale of Gainey Tobacco Curers, oil burning machines manufactured by the Machine Company, which, it is alleged, because of defective manufacture failed to cure plaintiff's tobacco crop properly and within a reasonable time and efficiency in breach of the said warranty.

The defendants were separately represented and separately filed demurrers to the complaint as not constituting an action against them.

The demurrer of the defendant Machine Company is based upon various grounds, amongst them being (a) that the complaint fails to allege that the tobacco curers were not reasonably fit for the service for which they were intended; (b) that it does not allege any defect in manufacture or material other than may be inferred from the fact that they failed to be operated properly; (c) that the complaint tends to show only speculative damages which might be suffered by the breach of warranty alleged.

There is a further demurrer upon the ground of defect of parties defendant.

The defendant R. B. Whitley & Co., Inc., demurred to the complaint on the ground that it fails to state a cause of action against this defendant, reciting practically the same grounds for the demurrer, but adding thereto that in paragraph 3 of the complaint plaintiff alleges that this defendant, R. B. Whitley & Co., Inc., acted as agent for its codefendant, General Foundry & Machine Co., in the sale of the tobacco curers complained of, but fails to allege that R. B. Whitley & Co., Inc., exceeded in any manner the authority of such agency.

Upon a careful perusal of the demurrer pertaining to the Machine Company, we arrive at the conclusion that the complaint, while in certain instances it might have been drawn with a greater particularity, is, nevertheless, sufficient to state a cause of action.

The plaintiff alleged that the defendants were notified at the time of the purchase of the following special circumstances: That he was a grower of flue cured tobacco and was unable to procure wood to cure his tobacco in that way, and that he had torn out his cord wood flue curing furnaces to replace same with oil burners for the purpose of curing his crop of tobacco; that five of the Gainey Tobacco Curers purchased were for the purpose of curing the crop grown by plaintiff on twenty-four acres in 1945; that the tobacco curing season was beginning, and that unless the tobacco crop was harvested and cured in apt time, serious and substantial loss would result necessarily to plaintiff.

In this connection, the plaintiff further alleges that in order to induce the plaintiff to purchase the Gainey Tobacco Curers, the defendants, with full knowledge of the special circumstances alleged, "warranted that said Gainey Tobacco Curers manufactured and sold by them were of the best grade, quality and efficiency obtainable and would generate sufficient heat to satisfactorily cure each barn of tobacco in the minimum time required for the curing of a barn of tobacco and that said . . . Curers would satisfactorily cure plaintiff's crop of tobacco grown on said twenty-four acres."

It is alleged that plaintiff purchased the curers, relying on the skill and judgment of defendants with respect to their character, capacity and efficiency.

The plaintiff further alleges a breach of warranty in the following respects, amongst others: That the tobacco curers purchased under such warranty would not and did not generate more than about 100 degrees of temperature; whereas, about 180 degrees of temperature are required for proper and efficient curing of a barn of tobacco; that when forced above said temperature, the burners and flues filled with smoke and soot and became stopped up so they had to be cleaned out almost constantly; that due to their said inefficiency, the curers required thirteen days to cure each barn of tobacco instead of four days and five nights normally required in curing a barn of tobacco with sufficient heat properly generated.

The alleged representations and warranty went to the quality and capacity of the machines purchased, and were in effect a representation of their essential character, such as have, with marked uniformity, been regarded as warranties for the breach of which damages are recoverable, where they have been positively made and not as an expression of opinion. *Swift v. Meekins,* 179 N. C., 173, 102 S. E., 138. There is no logical reason for denying the application of this principle to representa-

tions relating to the power, capacity or other inherent character of machinery referable to ordinary or customary standards of measurement and which, in the nature of things, is often a matter of importance to the purchaser and may be the basis of the transaction. We cannot assume that the manufacturer and dealer in machines possesses only an opinion as to these matters, instead of the knowledge he is supposed to have or may easily acquire. The intent to warrant is a matter which must appear in the form of the expression, aided in proper cases by the circumstances surrounding the transaction. *Harvester Co. v. Carter,* 173 N. C., 229, 91 S. E., 840; *Machine Co. v. Feezer,* 152 N. C., 516, 67 S. E., 1004; *Machine Co. v. McClamrock,* 152 N. C., 405, 67 S. E., 991. We are also of opinion that if the evidence should disclose injury of the character alleged, arising proximately from the breach, then it might be safely within the rule of recoverable damages. Damage to the crop and a loss of a large part of it through the alleged inefficiency of the machines and the impossibility of taking care of it through their want of capacity, if satisfactorily proven, would hardly be remote or speculative. We, therefore, conclude that the demurrer of this defendant was properly overruled.

The defendant Whitley & Co. was not entitled to have its demurrer sustained upon any of the causes set forth therein and above considered. But the Whitley Co. is represented in the complaint as the agent of its codefendant, the Machine Company, in such a manner as to exonerate it from liability to the plaintiff under the rules obtaining here and in the majority of jurisdictions elsewhere.

Ordinarily, an agent is not liable in an action by a third party for breach of warranty upon a sales contract in which he has acted fully within his authority or within its apparent scope, and contracted only in that capacity. The principle is thus expressed in 3 C. J. S., Agency, sec. 215: "An agent who contracts on behalf of a disclosed principal and within the scope of his authority, in the absence of an agreement otherwise, or other circumstances showing that he has expressly or impliedly incurred or intended to incur personal responsibility, is not personally liable to the other contracting party." *Way v. Ramsey,* 192 N. C., 549, 135 S. E., 454.

It is uniformly held that an agent will be held liable on the contract where the principal has not been disclosed; 3 C. J. S., Agency, sec. 216; *N. C. Lumber Co. v. Spear Motor Co.,* 192 N. C., 377, 135 S. E., 115; but the undisclosed principal is liable on discovery. *Carolina Hardware Co. v. Raleigh Banking & Trust Co.,* 169 N. C., 744, 86 S. E., 706. In that event, the aggrieved party seeking damages through the court is put to his election as to which he shall hold liable—the principal or the agent—and cannot hold both of them. *Horton v. Sou. Ry. Co.,* 170 N. C., 383, 86 S. E., 1020; Ann. Cases, 1918(a), 824; Page on Contracts,

sec. 1776. In a few jurisdictions it has been held that action may be brought against both agent and his undisclosed principal when the latter is discovered, and that the plaintiff is put to his election only before judgment. But that rule has never been adopted in this State, and we are compelled to reject it as placing an unnecessary burden upon trial and possibly leading to confusion. Election must be made when the suit is brought.

The rule of liability where the principal is not disclosed is mentioned merely by way of elimination and to clarify the applicable principle: Whether the principal is disclosed at the time of the sales contract or afterwards discovered, the plaintiff cannot hold both principal and agent in one suit, where, as here, the complaint recognizes and alleges agency and nothing further in support of the theory of personal or individual liability. The demurrer as to this defendant should have been sustained.

In view of the conclusion we have reached, it is unnecessary to discuss the demurrer to the improper joinder of parties.

As to defendant R. B. Whitley & Co., Inc., the judgment overruling the demurrer is reversed. As to the defendant General Foundry & Machine Company, the judgment overruling the demurrer is affirmed.

As to R. B. Whitley & Co., Inc.,

Reversed.

As to General Foundry & Machine Co.,

Affirmed.