ROGER STALEY, INC., A NORTH CAROLINA CORPORATION v. WACO REALTY COMPANY, A NORTH CAROLINA CORPORATION

No. 7526DC423

(Filed 19 November 1975)

**Principal and Agent § 7— undisclosed agency — liability of agent**
    Defendant was liable for the cost of a septic tank system and pump station installed on a third party's land by plaintiff at defendant's request where there was no evidence that plaintiff had knowledge that defendant was acting as agent for the third party as defendant contended.

APPEAL by defendant from *Stukes, Judge.* Judgment entered 10 March 1975 in District Court, MECKLENBURG County. Heard in the Court of Appeals 16 September 1975.

Plaintiff alleges that defendant, notwithstanding numerous demands for remittance, wrongfully refused to pay plaintiff on three distinguishable accounts totalling $3,427.94, including interest. The total amount prayed for includes: $2,807.04 due for installation of one pump station with plumbing for a septic

tank at the residence of Barry McKenna on Lands End Road; $99 for hauling fill dirt and using a loader on property situated on Powell Road in Charlotte; and $150 for rough grading a lot on Hood and Powell Road in Charlotte. Plaintiff alleged that all labor and materials were supplied and performed by plaintiff company.

Defendant answered denying all material allegations.

At trial, plaintiff's president, Roger Maurice Staley, testified that his company was primarily engaged in the business of septic tank installation and basic site preparation, including tasks such as preparing drainage systems and landscaping and grading of lots, and that prior to this present dispute with defendant, his company had established a successful course of dealing with defendant, spanning some three or four previous jobs. Throughout this period of time, plaintiff had consistently dealt with defendant's president, Mike Cockinos.

In 1973, plaintiff was contacted by Cockinos to do some work in Mecklenburg County, covering an area which included McKenna's lot on Lands End Road. Staley testified that at that time he did not know who in fact owned the land in question, but that he learned of McKenna's interest when he went to work on the job site and found McKenna there. However, McKenna appeared at the site ". . . only once, and never went over the specifications for putting in the septic tank and pump station." Cockinos talked with the witness about shaping the lot, grading the site for a basement and footings, and removing some tree stumps. The discussion also involved a decision that plaintiff was to install a septic tank system. Plaintiff proceeded on the McKenna project, but in view of an unfavorable health department on-site inspection, Staley discussed with Cockinos the necessity for further modifications of the septic tank system by the installation of a pump station. Staley stated that defendant told him to proceed with the installation of the pump station at an approximate cost of $2800. Staley testified: "I understood that Waco Realty Company's relationship with Barry McKenna was that of General Contractor. Mike Cockinos told me that."

Defendant's president, Mike Cockinos, testified that none of the money allegedly owed represented debts or liabilities of his company and that he was not the general contractor on the McKenna job, but merely served as McKenna's "advisor"

throughout the project. Cockinos explained that as advisor he was to receive a commission for providing names of companies and individuals who could meet the job specifications.

McKenna testified that defendant was his "supervisor," and as such, was not to pay any bills incurred pursuant to the job in question.

The court made the requisite findings of fact and held defendant liable for the amounts alleged by plaintiff to be due and outstanding. From judgment for plaintiff, defendant appealed.

Other facts necessary to decision are cited in the opinion.

*Weinstein, Sturges, Odom, Bigger & Jonas, P.A., by T LaFontine Odom, for plaintiff appellee.*

*Whitley & Parsons, by Jerry W. Whitley, for defendant appellant.*

MORRIS, Judge.

On appeal defendant does not make any contention or argument with respect to any portion of the judgment except that portion allowing a recovery of $2,807.04 upon the Lands End Road account. The defendant's position is that the court should have allowed its "motion for nonsuit" made "at the close of plaintiff's evidence and renewed at the close of all the evidence." Although plaintiff's motion did not state any grounds and referred to no rule, the court noted that the motion was made under Rule 41(b) and denied it. In support of its position, defendant contends that the evidence conclusively shows that it was not a party to the contract, the contract being between plaintiff and Barry McKenna; that defendant was acting as agent for McKenna; and that plaintiff knew of the agency relationship. It is true that defendant's witness, Cockinos, testified that he was acting as an advisor to McKenna and that he was to receive ten per cent of the cost of construction. He also testified that he did have conversations with plaintiff with respect to the pump station and septic tank installation and that he took Staley to the lot. He further testified that he did not try to find anyone to do the work cheaper and that he did not tell McKenna what the cost would be. With respect to what he told Staley as to his relationship to McKenna, he testified: "The conversation was that he would do this work at Barry

McKenna's on Lands End Road, who was building a house, that I was trying to help Barry McKenna and do this work for him, and I introduced him to Barry McKenna." McKenna testified: "Mr. Cockinos generally made the arrangements with most of the subcontractors insofar as negotiating the price and terms of doing the various subcontracting work. The people would then come, do the work, and give a bill to Mr. Cockinos. He would give it to me and I would pay it." He did not think Cockinos was serving as a general contractor.

Staley testified that Cockinos told him that he (Cockinos) was the general contractor.

There is no evidence that plaintiff had knowledge of the agency relationship contended for by defendant.

> An agent who makes a contract for an undisclosed principal is personally liable as a party to it unless the other party had actual knowledge of the agency and of the principal's identity . . . The disclosure of the agency is not complete so as to relieve the agent of personal liability unless it embraces the name of the principal. The duty is on the agent to make this disclosure and not upon the third person with whom he is dealing to discover it . . . It will not relieve the agent from personal liability that the person with whom he dealt had means of discovering that the agent was acting as such . . . When the principal becomes known, the other party to the contract may elect whether he will resort to him or to the agent with whom he dealt unless the contract is under seal, a negotiable instrument, or expressly excludes him." *Howell v. Smith,* 261 N.C. 256, 258-259, 134 S.E. 2d 381 (1964).

The court correctly denied defendant's motion.

Defendant next contends that the court erred in failing to include in its findings of fact and conclusions of law anything with regard to the agency relationship. The evidence was such that findings and conclusions with respect to the agency question would have been proper in the judgment. However, since the evidence clearly showed that plaintiff was without knowledge of the relationship claimed by defendant, no prejudice has resulted from the court's failure to include findings and conclusions on that question.

Affirmed.

Judges HEDRICK and ARNOLD concur.