MERCER W. SIMMONS v. W. P. CHERRY AND W. P. CHERRY AND SONS, INC.

No. 7927DC111

(Filed 6 November 1979)

**Principal and Agent § 11— agent as party to contract—sufficiency of evidence**

    In an action to recover for services rendered by plaintiff in investigating and appraising certain real property and in making a subdivision feasibility study for a housing project, evidence was sufficient to support the trial court's conclusion that defendant agent agreed to make himself a party to the contract, and the rule that plaintiff may not hold both the principal and agent liable in one suit was therefore inapplicable.

APPEAL by defendant from *Hamrick, Judge.* Judgment entered 10 October 1978 in District Court, LINCOLN County. Heard in the Court of Appeals 12 September 1979.

The plaintiff in this civil action sued defendant W. P. Cherry (Cherry) personally as well as W. P. Cherry and Sons, Inc. (the corporation) in which plaintiff was president, alleging that in the late fall of 1974, Cherry, on behalf of both himself and the corporation, employed the defendant real estate appraiser to investigate and appraise certain real estate located in Burke County and make a subdivision feasibility study for a housing project. In return for this investigation and appraisal plaintiff averred the defendants agreed to pay plaintiff the sum of $2,500. Plaintiff stated that he fully investigated the real estate in question taking numerous photographs, investigating comparable sales and in doing all things necessary to make a complete and thorough appraisal and subdivision feasibility study, and that he presented the defendants with the appraisal and feasibility study. Plaintiff further alleged that he mailed the defendant a statement for his services in the amount of $2,500, which the defendants failed and refuse to pay. Defendant Cherry answered plaintiff's complaint, admitting that he contacted the plaintiff on behalf of the corporation to perform appraisal work, denying plaintiff's other operative allegations and further defending on grounds that Cherry never agreed with the plaintiff to be personally liable for the corporation's debt.

At trial the plaintiff testified in his own behalf that the contract for services was made with both Cherry individually as well as the corporation and that Cherry said he would guarantee or

see that the debt would be paid. Cherry testified on behalf of himself and the corporation, admitting the corporation's debt to the plaintiff but denying he had personally contracted with plaintiff for plaintiff's services or that he had made any personal guarantee to the plaintiff to cover the corporation's debt. The trial court found that the plaintiff did not know either of the defendants prior to the time of the contract, that the plaintiff intended "to work with the fellow who walked into his office," and that Cherry said that he would guarantee and see to it the bill was paid. The court granted judgment to the plaintiff against both defendants, jointly and severally, in the sum of $2,500. From this judgment defendant Cherry appeals.

*Jonas and Jonas, by Harvey A. Jonas, Jr., for plaintiff appellee.*

*John E. McDonald, Jr., for defendant appellant.*

WELLS, Judge.

We find that the evidence was sufficient for the trial court to have found that the defendant Cherry, in addition to the corporation, was a party to the contract with plaintiff. The plaintiff testified:

> In the fall of 1974 W. P. Cherry contacted me by phone and made an appointment and then came to my office in Lincolnton.
>
> I had not known Mr. Cherry prior to that time. I do not recall a statement as to his connection with W. P. Cherry and Sons, Incorporated. Mr. Cherry requested that I make a feasibility study and an appraisal of a proposed residential subdivision in Morganton for him. We agreed on a fee of $2,500.00. I don't recall that there was a specific discussion as to who would pay it, as to him or W. P. Cherry and Sons, Incorporated. To my best recollection, the only time that I was aware of W. P. Cherry and Sons, Incorporated, I think, was as he was leaving the office, he gave me his card which had his corporate name on there. There was the general statement to the effect that the fee would be paid when I completed the report.

\*    \*    \*

There were numerous telephone calls in reference to the statement with Mr. Cherry over a period of approximately twelve months, and he assured me that there would be no problem . . . of the statement being paid. He guaranteed that it would be paid, and he would see that it would be paid, [or] words of this nature.

While Cherry testified to the contrary, from the above quoted statements of plaintiff the trial court could reasonably conclude plaintiff had originally contracted with Cherry personally as well as the corporation. We note that this is not a case involving an undisclosed principal. *See, Staley, Inc. v. Realty Co.*, 27 N.C. App. 541, 219 S.E. 2d 654 (1975). We take the trial court's findings as holding that plaintiff contracted with two principals—Cherry and the corporation—and not that Cherry was merely acting as guarantor of the corporation's debt.

Our Supreme Court has held that, "[w]hether the principal is disclosed at the time of the . . . contract or afterwards discovered, the plaintiff cannot hold both principal and agent in one suit, where, as here, the complaint recognizes and alleges agency *and nothing further in support of the theory of personal or individual liability*" [emphasis added]. *Walston v. Whitley & Co.*, 226 N.C. 537, 541, 39 S.E. 2d 375, 377 (1946). Furthermore, ". . . a contract made by a known agent, acting within the scope of his authority for a disclosed principal, nothing else appearing, is the contract of the principal alone [citation omitted], although *the agent of a disclosed principal may by special agreement bind himself to performance of the contract*" [emphasis added]. *Way v. Ramsey*, 192 N.C. 549, 551, 135 S.E. 454, 455 (1926). *See also*, RESTATEMENT (SECOND) OF AGENCY §§ 320-322 (1958).

The question in the present case is whether, by his statements and conduct, Cherry made an agreement with the plaintiff binding himself to performance of the contract and personal liability therefor. Plaintiff testified that Cherry requested that plaintiff, "make a feasibility study and an appraisal of a proposed residential subdivision in Morganton *for him* [Cherry]." [Emphasis added.]

The trial court could reasonably conclude from the evidence that the parties contemplated, at the time the contract was made,

that both defendants would be responsible for the obligation to plaintiff.

The comments to § 320 of the Restatement of Agency (Second) provide:

> c. *Evidence.* * * * [T]he fact that the other party [to the contract with the agent and principal] thereto declared that he did not care who the principal was or that he was satisfied with the credit of the agent is evidence that it was agreed that the agent was a party to the contract. In such cases, it is for the triers of fact to determine what the parties intended.

Findings of fact made by the court in a non-jury trial are conclusive on appeal if supported by any competent evidence, even though there is evidence which might support findings to the contrary. *Henderson County v. Osteen*, 297 N.C. 113, 254 S.E. 2d 160 (1979). Our Supreme Court has held that an agent for nonresident bidders for an issue of county bonds was personally liable to the county for a forced resale of the bonds where the agent endorsed the bonds, gave his own note, actively participated in the transaction, and assured and guaranteed to the county commissioners the principals' performance. *Caldwell County v. George*, 176 N.C. 602, 97 S.E. 507 (1918).

Since we conclude that the trial court had sufficient evidence before him to reasonably conclude that agent Cherry agreed to make himself a party to the contract, the rule that the plaintiff may not hold both the principal and agent liable in one suit is inapplicable. *Walston v. Whitley & Co.*, 226 N.C. 537, 39 S.E. 2d 375 (1946). In view of this holding we need not reach defendant Cherry's argument that any oral guarantee he might have given plaintiff to pay the corporation's debt is not enforceable.

Affirmed.

Judges ARNOLD and WEBB concur.