BONE INTERNATIONAL, INC. v. JOHN C. BROOKS

No. 807DC593

(Filed 17 March 1981)

1. **Principal and Agent § 4; Corporations § 25— knowledge of agency for corporation – choice of dealing with corporation – individual defendant not liable on contract**

Invoices showing that the individual defendant authorized work to be done by plaintiff on trucks which had been transferred to corporate ownership and billing "John C. Brooks, Inc." for the truck repair work established, as a matter of law, knowledge on the part of the agent of the plaintiff who filled out the invoices that defendant's trucking business was being carried on as a corporation and that defendant had authority to act for the corporation, and the knowledge of plaintiff's agent was imputed to plaintiff. Even if the individual defendant was originally a party to the contract for the plaintiff to perform truck repairs, plaintiff's subsequent election to bill

defendant's corporation for services rendered under the contract would establish an irrevocable choice by plaintiff to deal with the corporation with respect to future performances of the contract, and plaintiff may not now hold the individual defendant personally liable for the truck repairs.

2. **Frauds, Statute of § 5– oral promise to answer for debt of another**

Any agreement by the individual defendant to pay the debt of a corporation for truck repairs came within the statute of frauds, G.S. 22-1, and was void.

APPEAL by plaintiff from *Harrell, Judge*. Judgment entered 21 April 1980 in District Court, NASH County. Heard in the Court of Appeals 13 January 1981.

Plaintiff alleged in its complaint that pursuant to an express contract with defendant, it had performed service and repair to defendant's trucks on an "open account" basis; that pursuant to the terms of the open account defendant agreed to pay to plaintiff the invoice price for the labor and materials rendered by plaintiff to defendant; and that defendant owed on the account $4,141.84 with interest from 1 August 1978, for which plaintiff had demanded payment, but which defendant had failed and refused to pay.

Defendant answered by denying the material allegations of the complaint and by alleging that the repair work for which plaintiff had not been paid was improperly done. He also moved to dismiss the complaint on the ground that he was an improper party in the action in that his dealings with plaintiff were within the capacity of agent and employee of John C. Brooks, Incorporated, and not in his individual capacity.

Both parties moved for summary judgment and presented affidavits and exhibits.

Defendant's affidavits tended to show that John C. Brooks incorporated his business on 7 September 1976; that, with the assistance of his attorney, Brooks notified all persons with which he was doing business that his business, which was formerly conducted as a sole proprietorship, was now a corporation; that when title to defendant's trucks was transferred to defendant's corporation it was necessary to notify International Harvester Credit Corporation, whose agent sent a letter confirming the transfer and stating that a copy of said letter was being sent to plaintiff Bone International; that the name

"John C. Brooks, Inc." was painted on the side of the corporation's trucks; that in business dealings with Bone International since the incorporation, the corporate bills were paid on checks marked "John C. Brooks, Inc."; and that defendant at no time indicated to Bone International "that I was anything but an employee and agent of John C. Brooks, Inc., a North Carolina corporation." Defendant submitted as exhibits: (1) the certificate of incorporation and Articles of Incorporation of John C. Brooks, Inc.; (2) a letter from the operations supervisor for the International Harvester Credit Corporation concerning the transfer of title to defendant's trucks to John C. Brooks, Inc. with the following notation at the bottom of the letter:

"cc: . . . .

Bone International – Attention: Dolan Atkinson W.T. Lucas"

(3) several checks on the Peoples Bank & Trust Company account of "John C. Brooks, Inc." which were signed "John C. Brooks," several of which were made out to Bone International; (4) four job tickets from 1976 and 1977 wherein work performed by Bone International was billed to John (or Johnny) C. Brooks, Inc.; (5) and three job tickets from 1978 wherein work performed by Bone International was billed to John C. (or Johnny) Brooks (individually).

Plaintiff's affidavits tend to show that defendant had agreed with plaintiff's president to pay the amount set forth in the complaint, and had at no time during his dealings and discussions with plaintiff's president contended that he did not personally owe the bill; that defendant had written two letters to plaintiff's president wherein he failed to suggest that the bill should have been addressed to the corporation, and one in which he stated he was expecting Bone International to remit to him any remaining amount arising from the sale of one of the trucks; plaintiff had never been informed that any of defendant's trucks had been conveyed to a corporation; and that all business transacted with defendant was transacted in the same manner as all prior business. Plaintiff offered as exhibits the two letters mentioned in its affidavits. The letters contested the accuracy of the bills, whether the defendant had authorized the work, and whether the work was properly performed. Both letters contained demands for remittance to defendant of pro-

ceeds from the sale of a truck. Both were on plain white paper and signed "John C. Brooks."

Based on the foregoing, the trial judge directed entry of summary judgment for defendant on the grounds that "there is no genuine issue as to any material facts."

*Fields, Cooper & Henderson by Milton P. Fields for plaintiff appellant.*

*Henson, Fuerst & Willey by Thomas W. King for defendant appellee.*

CLARK, Judge.

Plaintiff's sole assignment of error is to the granting of summary judgment for the lack of a genuine issue of material fact. In its brief, plaintiff cites authority for a number of general propositions concerning the circumstances under which the granting of summary judgment would be proper. Thus, the following propositions, among others, are urged upon this Court:

1. Upon a motion for summary judgment the court must not attempt to resolve issues of fact but determine whether there is a genuine issue of material fact to be tried. *Lambert v. Duke Power Co.*, 32 N.C. App. 169, 231 S.E. 2d 31, *cert. denied*, 292 N.C. 265, 233 S.E. 2d 392 (1977).

2. A motion for directed verdict may be granted only if the evidence is insufficient, as a matter of law, to support a verdict for the plaintiff. *Husketh v. Convenient Systems, Inc.* 295 N.C. 459, 245 S.E. 2d 507 (1978).

3. To determine the sufficiency of the evidence to go to the jury, all the evidence supporting the plaintiff's claim must be taken as true and considered in the light most favorable to the plaintiff, giving him the benefit of every reasonable inference which may be legitimately drawn therefrom, with contrasts, contradictions, conflicts, and inconsistencies resolved in the plaintiff's favor. *Oliver v. Royall*, 36 N.C. App. 239, 243 S.E. 2d 436 (1978).

4. Judgment as a matter of law is never proper when the facts are in dispute. *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297

(1971); *Jones v. Development Co.*, 16 N.C. App. 80, 191 S.E. 2d 435, *cert. denied*, 282 N.C. 304, 192 S.E. 2d 194 (1972).

We recognize these propositions as the law in this State, and we will endeavor to apply these principles to the facts presented by plaintiff to determine if they were sufficient to create a genuine issue of material fact.

Plaintiff cites only two opinions to establish the existence of a genuine issue of material fact, *Howell v. Smith*, 258 N.C. 150, 128 S.E. 2d 144 (1962) (Bobbitt, J.), and *Howell v. Smith*, 261 N.C. 256, 134 S.E. 2d 381 (1964) (Sharp, J.). Both opinions deal with the same case. The first reversed the judgment of involuntary nonsuit, concluding that plaintiff had presented a genuine issue of triable fact. The second affirmed a jury verdict in favor of plaintiff. Since both *Howell* opinions deal with the liability of agents for undisclosed principals, we presume that plaintiff considered the defendant in this case to be an agent for an undisclosed principal. Plaintiff is of course wise in seeking to characterize defendant as an agent for an undisclosed principal. Were defendant acting for a disclosed principal, plaintiff would have no case. "'An agent who contracts on behalf of a disclosed principal and within the scope of his authority ... is not personally liable to the other contracting party.'" *Walston v. Whitley & Co.*, 226 N.C. 537, 540, 39 S.E. 2d 375, 377 (1946); *see also Way v. Ramsey*, 192 N.C. 549, 135 S.E. 454 (1926).

[1] Defendant presented with his affidavits uncontradicted documentary evidence in the form of invoices from plaintiff, which had been marked paid. These invoices, dated 1976 and 1977, showed that, on at least three occasions during those two years, defendant authorized work to be done on the trucks which had by this time been transferred to corporate ownership. The same invoices billed "John C. Brooks, Inc." for the repair work they described. We hold that these invoices establish, as a matter of law, knowledge on the part of the agent of the plaintiff who filled out the invoice that defendant's trucking business was being carried on as a corporation and that defendant had authority to act for the corporation. The knowledge of plaintiff's agent must be imputed to plaintiff. *Bruce v. Casualty Co.*, 127 F. Supp. 124 (E.D.N.C.), *aff'd* 222 F. 2d 642 (4th Cir. 1955); *Wilkins v. Welch*, 179 N.C. 266, 102 S.E. 316 (1920).

Even if we assume, as plaintiff seems to suggest, that the original agreement was reached between plaintiff and defendant prior to the incorporation of the business, taking defendant "outside the usual rule that an officer of a corporation will not be individually bound when contracting within the scope of his employment as an agent of the corporation," *Howell v. Smith*, 261 N.C. at 260, 134 S.E. 2d at 384, we believe plaintiff is still barred as a matter of law from recovery. Justice Sharp's opinion in the *Howell* case speaks directly to such a circumstance:

> "If a third party to a contract involving an undisclosed principal discovers the agency and the identity of the principal while a continuing, divisible contract for the furnishing of goods or supplies is still executory, he then has the option to deal either with the agent *or* the principal with respect to the future performance of the contract. Ordinarily, *the agent who made the original purchase is not liable if the third party continues to deliver goods after acquiring knowledge of the principal's identity* unless he has agreed to be personally liable."

*Id*, 134 S.E. 2d at 385 (Emphasis added). We see no reason in this case to treat a contract for services any differently than a contract for goods, and believe a contract such as plaintiff alleges in its complaint would be divisible so as to bring it within the above rule. We hold that, even if defendant were originally a party to the contract alleged in plaintiff's complaint, plaintiff's subsequent election to bill defendant's corporation for services rendered under the contract would establish an irrevocable choice by plaintiff to deal with the principal with respect to future performances of the contract.

A corporation is an entity separate and apart from its agent. Although this separate entity may be disregarded when a third party who dealt with an agent of the corporation has no way of knowing that a corporation was involved in the transaction, once the third party learns of the corporation's involvement we think it unfair and against sound public policy to allow that third party thereafter to hold liable first the corporation and then the agent at his whim. Upon learning of the corporate involvement, the third party can say to the agent, "You never told me I was dealing with a corporation. I thought I was dealing with you. I will continue to deal with you." The third party

can also say, "I thought I was dealing with you, but I see now that I was actually dealing with a corporation. Hereafter I will deal with the corporation." What the third party cannot do is say, as plaintiff has attempted here to say, "I thought I was dealing with you, but I see now that I was actually dealing with a corporation. Now that I know this, I will recognize and deal with the corporation, but I will also hold you personally liable for the corporation's debts to me." We hold that plaintiff, having chosen to deal with the corporate entity, may not also now hold defendant personally liable for corporate debts.

[2]  The affidavit of plaintiff's president seeks to establish that defendant "agreed to pay the amount set forth in the Complaint." We believe any agreement by defendant to pay the amount in the complaint would fall within the statute of frauds, G.S. 22-1, which states in pertinent part:

> "No action shall be brought ... to charge ... any defendant upon a special promise to answer the debt ... of another person, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party charged therewith ...."

We have already held that the debt was that of the corporation. Plaintiff's affidavit does not set forth facts "'or other circumstances showing that [defendant] has expressly or impliedly incurred or intended to incur personal responsibility ....'" *Walston v. Whitley & Co.*, 226 N.C. at 540, 39 S.E. 2d at 377.

The judgment of the trial court is

Affirmed.

Judges HEDRICK and MARTIN (Robert M.) concur.